[No. 1,059.]

## J. W. BROWN, RESPONDENT, *v.* L. A. ASHLEY, APPELLANT.

FORMER JUDGMENT—RES JUDICATA.—Where a former judgment has established the rights of the respective parties to the waters of a stream, the same question as between the same parties can not again be considered; it is *res judicata.*

ACTION FOR DIVERSION OF WATER—VINDICATION AND PRESERVATION OF A RIGHT—ADVERSE RIGHT.—Where the act complained of is committed under a claim of right, which, if allowed to continue for a certain length

of time, would ripen into an adverse right, and deprive the plaintiff of his property, he is not only entitled to an action for the vindication of his right, but also for its preservation.

IDEM—WHEN INJUNCTION SHOULD ISSUE—NOMINAL DAMAGES—PRESENT USE OF WATER.—In actions for the diversion of water, where there is a clear violation of an established right, and a threatened continuance of such violation, it is not necessary to show actual damages, or a present use of the water, in order to authorize a court to issue an injunction and make it perpetual.

APPEAL from the District Court of the Fourth Judicial District, Humboldt County.

The facts sufficiently appear in the opinion.

*R. M. Clarke,* for Appellant:

I. The owner of land upon a natural watercourse is entitled to make a reasonable use of the water for irrigation. (Angell on Watercourses, secs. 119, 119a, 122; *Thurber* v. *Martin,* 2 Gray, 394; *Davis* v. *Winslow,* 51 Me. 290; *Perkins* v. *Dow,* 1 Root, 535; *Weston* v. *Alden,* 8 Mass. 136; *Anthony* v. *Lapham,* 5 Pick. 175; *Embrey* v. *Owen,* 6 Exch. 353; *Blanchard* v. *Baker,* 8 Greenl. 253; *Wadsworth* v. *Tillotson,* 15 Conn. 366; *Gillett* v. *Johnson,* 30 Id. 183; *Evans* v. *Merriweather,* 3 Scam. 496; *Union M. & M. Co.* v. *Ferris,* 2 Saw. 190; *Union M. & M. Co.* v. *Dangberg,* 2 Id. 450.)

II. Any use of water by a riparian proprietor is reasonable, which does not deprive the lower proprietor of a beneficial use, and which does not work the lower proprietor a substantial injury and actual damage. (Angell on Watercourses, sec. 93a; *Union M. & M. Co.* v. *Ferris,* 2 Saw. 176; *Tyler* v. *Wilkinson,* 4 Mason, 397; *Embrey* v. *Owen,* 6 Exch. 353; *Howard* v. *Ingersoll,* 13 How. 426; *Farrell* v. *Richards,* 30 N. J. Eq. 511.)

III. The law of riparian proprietorship has no application and does not exist in this state. On the contrary, the law in force, governing the use of water, is that of appropriation. (*Lobdell* v. *Simpson,* 2 Nev. 274; *Ophir S. M. Co.* v. *Carpenter,* 4 Id. 534; *Barnes* v. *Sabron,* 10 Id. 217; *Hobart* v. *Wicks,* 15 Id. 418; Act of July 26, 1866, Rev. Stats. U. S., sec. 2339; *Atchison* v. *Peterson,* 20 Wall. 507;

*Basey* v. *Gallagher,* Id. 670; *Jennison* v. *Kirk,* 98 U. S. 453; *Broder* v. *Natoma W. Co.,* 101 Id. 274.) The common law, as held in England, is not applicable to our situation, and therefore is not the rule of decision here. (Petition for re-hearing, *Vansickle* v. *Haines;* Cooley's Const. Lim. 12; 2 Pet. 144; 27 Cal. 482; *Boyer* v. *Sweet,* 3 Scam. 120; *Middleton* v. *Pritchard,* Id. 510.)

IV. The decree prevents defendant from using water, first, when it would not reach plaintiff if not used; and secondly, from using the surplus which plaintiff does not use or require. This is contrary to all reason, against all principle, and subversive of the best interests of the country. (See authorities before cited.)

V. The former judgment is not conclusive, because properly interpreted it does not deny the use which defendant was making of the water. (See cases cited to support paragraph II.)

*Lewis & Deal,* for Respondent:

The rights between the parties to this action, as to the use of waters of Coyote creek, were determined by the former decree of the lower court.

*R. M. Clarke,* in reply:

I. If the former judgment existed and was in force, it was *res adjudicata* between the parties, and was an estoppel as to all matters which it involved: the same subject-matter could not be litigated again. (*Jackson* v. *Lodge,* 36 Cal. 28; *Jones* v. *Petaluma,* Id. 230; *Barnum* v. *Reynolds,* 38 Id. 643.) The respondent could no more litigate the subject-matter over again than the appellant. The estoppel is mutual and concludes both parties.

II. Admitting for argument respondent's title to the water, and conceding appellant's violation of his strict right, and respondent's technical right to have nominal damages, nevertheless appellant should have had judgment for his costs. Where the action is trespass, the injury reparable, the damages nominal, no injunction will lie, although the title of plaintiff is undisputed. (*Thorn* v. *Sweeney,* 12 Nev. 251.)

III. In any event the decree is broader than the law warrants, and should be modified or reversed.

IV. The former decree must be interpreted in the light of the settled principles of the law; and the denial therein of the right to use the waters of the stream for irrigation must be limited to such use as will injure respondent and work him actual damage. It can not be construed to deny appellant the right to the surplus water in time of flood.

By the Court, Hawley, J.:

In 1876 the plaintiff obtained a judgment against defendant for damages and costs, and a decree "that plaintiff is the owner of the lands, tenements, and hereditaments mentioned in plaintiff's complaint, and that he is a riparian owner and proprietor in respect to said lands and Coyote creek, the stream mentioned in plaintiff's complaint, and that he · is entitled to have *all* the waters of said stream come down unobstructed to and upon said lands, except that defendant may use such portion of said waters as may be necessary for domestic purposes *and not for irrigation.*"

In the present action, the complaint, among other things, alleges, and the court finds, that defendant, during the years 1877, 1878, and 1879, wrongfully and unlawfully turned out from the channel the waters of said Coyote creek and used the same for irrigating his land, and thereby prevented said waters from flowing down upon the lands of plaintiff, as they otherwise would have done. The plaintiff pleaded the former judgment and decree.

The court, in its finding of facts, states that defendant did not divert the waters of the creek "except during the freshet season of said years and during that portion of the dry season of said years when if not so diverted by defendant said water would have been absorbed by the soil and atmosphere * * * before it reached the lands of plaintiff," and that the volume of water was not, by the acts of defendant, so diminished "as in any manner to deprive plaintiff of sufficient water to irrigate" the crops growing on his lands, and for all domestic purposes.

Judgment was rendered in favor of the plaintiff for one

dollar damages, and a decree was entered substantially the same as in the former action, and the defendant was enjoined "from ever hereafter diverting or obstructing in any manner any of said waters of said creek from the natural channel thereof, so as to prevent said waters, or any portion thereof, from flowing down to or upon the plaintiff's said lands."

The former judgment was rendered on the merits, and it is conclusive between the parties as to their respective rights to the waters of Coyote creek.

Conceding that the former judgment was too broad, and that it would have been modified if the proper objection had been made, still it is apparent, upon well-established principles of law, that the same question can not again be considered. It is *res judicata.* (Freeman on Judgments, sec. 249, and authorities there cited.)

The diversion of the waters of Coyote creek, by the defendant, was a violation of plaintiff's rights, as established by the former decree, and entitled him to nominal damages, and to the decree and injunction which he obtained in the second action. (*Barnes* v. *Sabron,* 10 Nev. 247.)

The judgment of the district court is affirmed.

### UPON REHEARING.

By the Court, HAWLEY, J.:

We granted a rehearing in this case, in order to give appellant an opportunity to re-argue the questions whether the court erred in granting the injunction and in allowing costs. A re-examination of the authorities has strengthened our conviction that the former opinion was correct in every particular.

*Thorn* v. *Sweeney,* 12 Nev. 251, upon which appellant relies, has no special application to the facts of this case. The principle therein announced, that a court of equity will not issue an injunction in cases of mere trespass where the injury complained of is not committed under any general claim of right or title in the defendant, and where there is no appreciable damage, and the remedy at law is ample, is well settled.

But it is equally as well settled by the authorities, that

where the act complained of is committed by the defendant, under a claim of right, which, if allowed to continue for a certain length of time, would ripen into an adverse right, and deprive the plaintiff of his property, the plaintiff is not only entitled to an action for the vindication of his right, but also for its preservation. This is especially true of actions for the diversion of water where there is, as in the present case, a clear violation of an established right and a threatened continuance of such violation. (Goddard on Easements, 423–4; Ang. & Ames on Watercourses, 135; *Barnes* v. *Sabron*, 10 Nev. 247; *Parker* v. *Griswold*, 17 Conn. 302–5; *Stein* v. *Burden*, 24 Ala. 148.)

In such cases it is not necessary to show actual damages, or a present use of the water, in order to authorize a court to issue an injunction and make it perpetual. (*Webb* v. *The Portland Manufacturing Company*, 3 Sum. 197; *Holsman* v. *Boiling Springs B. Co.*, 14 N. J. Ch. 343; *Corning* v. *Troy I. & N. F.*, 34 Barb. 491–2; 40 N. Y. 191; 39 Barb. 326–7; *Crosby & Sons* v. *Lightowler*, 3 Eq. Cas. (L. R.) 296–8; *Lyon* v. *McLaughlin*, 32 Vt. 425; Kerr on Injunctions, 393 (34); 226 (2); Ang. on Watercourses, sec. 449; High on Injunctions, sec. 556.)

In *Webb* v. *Portland M. Co.*, the court, in discussing this question, said: "If, then, the diversion of water complained of in the present case is a violation of the right of the plaintiffs, and may permanently injure that right, and become, by lapse of time, the foundation of an adverse right in the defendant, I know of no more fit case for the interposition of a court of equity, by way of injunction, to restrain the defendants from such an injurious act. If there be a remedy for the plaintiffs at law for damages, still that remedy is inadequate to prevent and redress the mischief. If there be no such remedy at law, then, *a fortiori*, a court of equity ought to give its aid to vindicate and perpetuate the right of the plaintiffs. A court of equity will not indeed entertain a bill for an injunction in case of a mere trespass fully remediable at law. But if it might occasion irreparable mischief, or permanent injury, or destroy a right, that is the appropriate case for such a bill."

In *Corning* v. *Troy I. & N. F.*, 40 N. Y. 206, the court said: "No man is justified in withholding property from the owner when required to surrender it, on the ground that he does not need its use. The plaintiffs may do what they will with their own. Upon established principles this is a proper case for equity jurisdiction. First, upon the ground that the remedy at law is inadequte. The plaintiffs are entitled to the flow of the stream in its natural channel. Legal remedies can not restore it to them and secure them in the enjoyment of it. Hence, the duty of a court of equity to interpose for the accomplishment of that result. A further ground requiring the interposition of equity is to avoid multiplicity of actions. If equity refuses its aid, the only remedy of the plaintiffs, whose rights have been established, will be to commence suits from day to day, and thus endeavor to make it for the interest of the defendant to do justice by restoring the stream to its channel. If the plaintiffs have no other means of recovering their rights, there is a great defect in jurisprudence. But there is no such defect. The right of the plaintiffs to the equitable relief sought is established by authority as well as principle."

The court did not err in taxing the costs of this suit against defendant. (*Brown* v. *Ashley*, 13 Nev. 252.)

The judgment of the district court is affirmed.