[No. 2049]

GEORGE R. BIDLEMAN, WILLIAM E. BIDLEMAN, JANE JONES (A WIDOW), AND EMMA J. WILLIAMS (A WIDOW), APPELLANTS, *v.* WILLIAM C. SHORT AND LUCY B. SHORT (HIS WIFE), RESPONDENTS.

[150 Pac. 834]

1. WATERS AND WATERCOURSES — SURPLUS OR WASTE WATERS — APPROPRIATION—RIGHTS OF OWNERS.

An owner of land on which surplus or waste waters exist is the owner of the waters, and may consent to others acquiring rights therein on his property and in ditches thereon to convey the waters to the lands of the others.

2. WATERS AND WATERCOURSES — SURPLUS OR WASTE WATERS — APPROPRIATION—RIGHTS OF OWNERS.

Surplus or waste waters while on land of an individual are not subject to appropriation by others and they cannot go on the land of the individual and cut and interfere with the ditches thereof and divert the waters without becoming trespassers.

3. WATERS AND WATERCOURSES—WRONGFUL USE OF WATERS—EQUITABLE RELIEF.

Where defendants have gone on the lands of plaintiffs and cut and interfered with ditches thereon and asserted right so to do and to divert surplus or waste waters of plaintiffs and threatened to continue so to do, plaintiffs were entitled to relief by injunction.

APPEAL from Second Judicial District Court, Washoe County; *John S. Orr*, Judge.

Suit by George R. Bidleman and others against William C. Short and wife. From a judgment for costs in favor of defendants, rendered on sustaining a demurrer to the complaint, plaintiffs appeal. **Reversed and remanded.**

*Summerfield & Richards* and *J. T. Boyd,* for Appellants:

Water reduced to possession becomes the property of the person having the possession; it is his property, and will be protected by the courts. (Black's Pomeroy on Water Rights, secs. 57, 60, 61, 62; *Park's Canal & M. Co.* v. *Hoyt,* 57 Cal. 44; *Ball* v. *Kehl,* 95 Cal. 613; *McGuire* v. *Brown,* 106 Cal. 669; *Dalton* v. *Bowker*, 8 Nev. 190; Farnham on Water and Water Rights, vol. 3, 2572, sec. 883; Kinney on Irrigation, vol. 2, secs. 773, 774; *Hagerman Irr. Co.* v. *McMurry,* 113 Pac. 823. )

Appellants are the owners of the surplus and waste waters and ditches on their own land, and it is the province of equity to protect appellants in their rights. (*Brown v. Ashley*, 16 Nev. 311.)

If the acts complained of may permanently affect the rights of the appellants, it is not necessary to show actual damage. (*Brown v. Ashley, supra;* Gould on Waters, sec. 519.)

*George Springmeyer*, for Respondents:

Waste water, flowing in an artificial watercourse, is not subject to appropriation. The law of appropriation applies only to natural streams. (2 Kinney, 2d ed. p. 1151; Weil, 2d ed. p. 247; *Cardelli v. Comstock Tunnel Co.*, 26 Nev. 284.)

The right of an appropriator is measured by the quantity of water applied to a beneficial use. (*Leavitt v. Lassen Irr. Co.*, 106 Pac. 404; 2 Kinney, 1547; *Barnes v. Sabron*, 10 Nev. 217; *Roeder v. Stein*, 23 Nev. 92; Rev. Laws, sec. 4674.)

One cannot own waters other than those reduced to possession, and can acquire only a right to the use. (*Smith v. Green*, 109 Cal. 228, 41 Pac. 1022, 1024.)

The complaint is fatally defective in that it fails to show the quantity of water applied to a beneficial use. (*Walsh v. Wallace*, 26 Nev. 299, 99 Am. St. Rep. 692; 3 Kinney, 3009, 2817; Weil, 3d ed. p. 702; *Lost Creek Irr. Co. v. Rex*, 26 Utah, 485, 73 Pac. 660; *Lee v. Hanford*, 21 Idaho, 327, 121 Pac. 558; *Powers v. Perry*, 106 Pac. 594, 598.)

By the Court, NORCROSS, C. J.:

This is an appeal from a judgment for costs in favor of defendants, respondents herein, following an order sustaining a demurrer to appellant's complaint.

The complaint alleged:

That the plaintiffs Bidleman and their predecessors in interest, for more than ten years last past, have been the owners and in the possession of certain land in Washoe

County, particularly describing the same, together with certain waters and water rights appurtenant thereto and thereunto belonging, subject to certain interests therein of the plaintiffs Jones and Williams.

That plaintiffs have maintained and operated certain ditches upon said real property for the purpose of irrigating the same and draining the surplus and waste waters therefrom to and into a certain ditch commonly known and called the "Jones Ditch," through and by means of which said ditch the said surplus and waste waters have been conducted to and upon the lands of the plaintiffs Jones and Williams (particularly describing the same) for the purpose of irrigating the same.

That for more than ten years last past plaintiffs Jones and Williams have been the owners and entitled to the exclusive possession of all and singular the said surplus and waste waters and entitled to have the same conducted from said real property of the plaintiffs Bidleman to and into the said "Jones Ditch," and through and by means thereof into the said lands of plaintiffs Jones and Williams for the purpose of irrigating the same, and are entitled to enter upon the said lands of plaintiffs Bidleman for the purpose of constructing, maintaining and operating thereon such dams, ditches, and other instrumentalities, as may be necessary to cause such surplus and waste waters to be and to have the same conducted to and into the said "Jones Ditch" and onto the said lands of plaintiffs Jones and Williams.

That on or about the ____ day of May, 1911, and during various and sundry times during the years 1910 and 1911, the defendants wrongfully, wilfully, and unlawfully, and without the consent of the plaintiffs Bidleman, did then and there interfere with and cut and open the ditches therein mentioned and operated as aforesaid, and did then and there by means of cuts, dams, and other contrivances, divert therefrom and from the lands of the plaintiffs Jones and Williams the surplus and waste waters aforesaid, to artificial channels by defendants constructed, maintained, and operated, and did then and

there wrongfully, wilfully, and unlawfully, and without the consent of plaintiffs, appropriate and convert to their own use such surplus and waste waters and so prevent and preclude plaintiffs Bidleman from delivering to and plaintiffs Jones and Williams from receiving for the purposes of irrigation the said surplus and waste waters and the free use and enjoyment thereof.

That defendants claim the right and threaten to, and, unless restrained by court process, will, continue, wrongfully, wilfully, and unlawfully, and without plaintiffs' consent, to enter in and upon the said lands of plaintiffs Bidleman to then and there interfere with and cut and open the ditches therein maintained and operated as aforesaid, and to then and there by means of cuts, dams, and other contrivances, divert therefrom and from the said lands of plaintiffs Jones and Williams the said surplus and waste waters to artificial channels by defendants constructed, maintained, and operated, and continue wrongfully, wilfully, and unlawfully, and without plaintiffs' consent, to appropriate and convert to their own use such surplus and waste waters, and so prevent and preclude plaintiffs Bidleman from delivering and plaintiffs Jones and Williams from receiving in and upon their said lands, for the purpose of irrigating the same, the said surplus and waste waters, all to the permanent and irreparable damage, detriment, and injury to the plaintiffs, and each of them, and to their said lands.

That plaintiffs have no plain, speedy, or adequate remedy in the ordinary course of law.

The complaint prays for injunctive relief and for costs.

We think the complaint states a cause of action for equitable relief by way of injunction, and that the court erred in sustaining the demurrer.

[1] It is immaterial that the so-called surplus or waste waters are not subject to appropriation so as to establish a permanent right therein, as in the case of an appropriation of the waters of a natural stream. It may be that under the rule of economical use there should be no surplus or waste waters, nevertheless, so-called surplus

or waste waters do at times exist and rights may be acquired therein which may continue so long as there are such waters. The complaint alleges the existence of such waters upon the lands of the plaintiffs Bidleman. So long as such water exists upon their lands, it is their property, and they may consent to others acquiring rights therein upon their property and in ditches thereupon for the purpose of conveying such waters to the lands of such other parties. (Kinney on Irrigation, vol. 2, secs. 773, 774.)

[2] These waters, while upon the lands of the plaintiffs Bidleman, were certainly not subject to appropriation by the defendants. They could not go upon the lands of the Bidlemans and cut and interfere with the ditches thereon, in which all the plaintiffs had a property right, and divert the waters of plaintiffs therefrom without becoming trespassers.

[3] The complaint alleges that defendants have so gone onto the lands of plaintiffs Bidleman, cut and interfered with the ditches of plaintiffs, assert the right so to do and to divert the said waters of plaintiffs. The alleged acts of defendants, accompanied with an alleged right and threat of continuance, constitute a sufficient showing for equitable relief by injunction. (*Brown* v. *Ashley*, 16 Nev. 311.)

The judgment and the order sustaining the demurrer are reversed, and the cause remanded.