(March 8, 1886.)

## McCARTY v. BOISE CITY CANAL COMPANY.

### [10 Pac. 623.]

Irrigation—Overflow of Water from Ditch—Injury to Adjoining Land—Liability.—A person owning a ditch from which water escapes upon the premises of the adjoining owner, allowing such water to continue to escape from his ditch after notice, without any effort to prevent the same, cannot escape the liability for damages done thereby on the ground that the adjoining land owner might, at a slight expense, have prevented any damage by digging a ditch on his land that would have conducted said water off his premises.

Negligence—Contributory Negligence.—A person guilty of negligence cannot avoid responsibility therefor on the ground that others are also guilty of negligence contributing to the same injury.

APPEAL from District Court, Ada County.

Brumback & Lamb, for Appellant.

It is not only the moral, but the legal, duty of a party who seeks redress for another's wrongs to use due diligence in preventing loss thereby. (Sedgwick on Damages, 7th ed., pp. 164, 173, and notes; *Pacific R. R. Co. v. Mihlman,* 17 Kan. 224; 1 Sutherland on Damages, pp. 148-155; *The Baltimore,* 8 Wall. 377; *Chase v. New York R. R. Co.,* 24 Barb. 273.) If by want of ordinary care a plaintiff may have avoided the consequences of defendant's negligence, he is considered to be the cause of his own injury. (Weeks' Damnum Absque Injuria, 240; *Hance v. Cayuga etc. Ry. Co.,* 26 N. Y. 428.) It is the duty of a person to use ordinary and reasonable care and means to prevent an injury and its consequences, and he can only recover damages for such losses as could not by such care and means be avoided. (Weeks' Damnum Absque Injuria, 245; *Douglas v. Stevens,* 18 Mo. 362; *Illinois Co. v. Finnegan,* 21 Ill. 646; Broom's Legal Maxims, 279; *Loker v. Damon,* 17 Pick. 284; *Thompson v. Shattuck,* 2 Met. 617; *Hamilton v. McPherson,* 28 N. Y. 76, 84 Am. Dec. 330; *Hassa v. Jinger,* 15 Wis. 598;

*Darwin v. Potter,* 5 Denio, 307.)   The rule as to the degree of diligence and care required of defendant is well established. The defendant was bound to the use of such care in the management of its ditch, as prudent persons employ in the conduct of their own affairs.   (*Hoffman v. Water Co.,* 10 Cal. 413; *Wolf v. Water Co.,* 10 Cal. 544; *Richardson v. Kier,* 34 Cal. 63, 91 Am. Dec. 681; *Campbell v. Water Co.,* 35 Cal. 682; *Chidster v. Ditch Co.,* 59 Cal. 204; *Todd v. Cochell,* 17 Cal. 98; *Panton v. Holland,* 17 Johns. 99, 100, 8 Am. Dec. 369.)

Huston & Gray, for Respondent.

A general specification of error, that the evidence is insufficient to justify the verdict, is not sufficient.   (*Mahony v. Van Winkle,* 21 Cal. 552; *Reamer v. Nesmith,* 34 Cal. 624; *Cross v. Zane,* 45 Cal. 89; *Preston v. Hurst,* 54 Cal. 596; *Phillips v. Lowry,* 54 Cal. 584; Code Civ. Proc., sec. 413.)   The evidence was conflicting; the question as to the negligence of defendant was a question of fact and was properly submitted to the jury.   (*Siegel v. Eison,* 41 Cal. 109; *Fernandas v. Sacramento City R. R. Co.,* 52 Cal. 45; *Jameson v. S. J. etc. R. R. Co.,* 55 Cal. 593; *McNamara v. N. P. R. Co.,* 50 Cal. 581; *Reynolds v. Scott* (Cal.), 4 Pac. 346; *Nehabas v. C. P. R. R. Co.,* 62 Cal. 329; *Denver etc. R. Co. v. Conway,* 8 Colo. 1, 54 Am. Rep. 537, 5 Pac. 142.)   When the evidence is conflicting, neither the verdict of the jury nor the findings of the court will be disturbed.   (1 Rhodes' California Digest, p. 67, sec. 755; *Marble v. Foy,* 49 Cal. 585; *Doe v. Vallejo,* 29 Cal. 385; *Brewster v. Sime,* 42 Cal. 139; *Fitzgerald v. Union Ins. Co.,* 54 Cal. 599; *Wakefield v. Bouton,* 55 Cal. 109; *Hughes v. Sweeney,* 67 Idaho, 93, 24 N. W. 607.)   The failure of plaintiff to dig a ditch or drain to carry off the water that was allowed to flow upon her land from the ditch of defendant through the negligence of defendant is in no sense contributory negligence.   (*Philadelphia etc. R. R. Co. v. Hendrickson,* 80 Pa. St. 182, 21 Am. Rep. 97; *Philadelphia etc. R. Co. v. Shultz,* 93 Pa. St. 341; *Kellogg v. Chicago etc. W. R. R. Co.,* 26 Wis. 223, 7 Am. Rep. 69; *Salmon v. Delaware etc. R. Co.,* 38 N. J. L. 5, 20 Am. Rep. 356; *Delaware etc. R. Co. v. Salmon,* 39 N. J. L. 299, 23 Am. Rep. 214; *Fitch v. Pacific R. R. Co.,* 45

Mo. 322; *Richmond etc. R. R. Co. v. Medley,* 75 Va. 499, 40 Am. Rep. 734; *Louisville etc. Ry. Co. v. Richardson,* 66 Ind. 43, 32 Am. Rep. 97, and note; *Flynn v. San Francisco etc. R. R. Co.,* 40 Cal. 14, 6 Am. Rep. 595, and note; *Burroughs v. Housatonic R. R. Co.,* 15 Conn. 124, 38 Am. Dec. 75; *Nehrbas v. C. P. R. R. Co.,* 62 Cal. 329; *Snyder v. P. C. etc . Ry . Co.,* 11 W. Va. 37.)   Negligence of third parties concurring with that of defendant to produce the injury no defense.   (Cooley on Torts, 684; 4 Wait's Actions and Defenses, 719.)   If the charge given by the court covers the entire case, and submits it properly to the jury, the court may refuse to give further instructions.   (*Ind. etc. R. R. Co. v. Horst,* 93 U. S. 291; *Rogers v. Marshall,* 1 Wall. 649; *Harvey v. Tyler,* 2 Wall. 338; *Tabor v. Cooper,* 7 Wall. 565; *Denver etc. R. Co. v. Conway,* 8 Colo. 1, 54 Am. Rep. 537, 5 Pac. 142; *Cunningham v. U. P. R. Co.,* 4 Utah, 206, 7 Pac. 795.)   The court found that the injury was the result of defendant's carelessness and neglect. The granting of a perpetual injunction by the court was proper. The effect of the water from defendant's ditch, through the neglect of defendant allowed to flow upon her land, was a nuisance.   (Idaho Ter. Rev. Laws, p. 145.)   The plaintiff having established her right at law by obtaining a judgment, was entitled to the remedy.   (High on Injunctions, secs. 739-753; High on Injunctions, secs. 879, .1,309; High on Injunctions, sec. 356; *Evans v. Ross* (Cal.), 8 Pac. 88; *Ramsey v. Chandler,* 3 Cal. 90.)   The evidence showed the injury was continuing and irreparable.   (*Tuolumne W. Co. v. Chapman,* 8 Cal. 392.) To prevent multiplicity of suits.   (*Scofield v. Lake Shore etc. Ry.,* 43 Ohio St. 571, 54 Am. Rep. 846, and note, 3 N. E. 907.)

BUCK, J.—The defendant is a corporation existing under the laws of Idaho territory, organized for the purpose of digging and operating a ditch for irrigation.   The ditch is constructed across the farm of plaintiff.   The complaint filed June 17, 1884, alleges, in substance, that during the years 1883 and 1884 the plaintiff's land had been damaged by water escaping from the ditch and running upon it during said years, and prior thereto, through defects in the same, and by carelessness and mismanagement in operating the same, in the

sum of $400. The defendant, answering, alleges, among other things, that said damage, if any, was the result of the carelessly and negligently flowing water thereon by plaintiff, and from rains and floods, and denies all the allegations of the complaint. The cause was tried by a jury, who found a verdict for plaintiff, and assessed her damages in the sum of $150. The appeal is taken from the judgment, and from the order overruling a motion for a new trial. A bill of exceptions is incorporated in the record.

The first assignment of error is that the verdict is unsupported by the evidence in that the evidence is not sufficient to prove that water in sufficient quantity to injure the land of plaintiff ever escaped through or over defendant's ditch upon the same. The second error assigned is that the evidence shows that whatever damage was done to plaintiff's land was done by irrigating land above plaintiff's land, by others than defendant, and by the plaintiff's careless irrigating of her own land surrounding the portion alleged to have been injured. Evidence upon both of these propositions was submitted to the jury, and it was their especial province to determine its weight and credibility. Except in the absence of all evidence, we cannot disturb their findings thereon.

The third alleged error is the refusal of the court to allow the defendant to show that, at a small expense on the part of plaintiff, any surplus water that may have come from defendant's ditch could have been conducted off of the land of plaintiff, so that the same would do her no harm. This proposition involves the main issue of the appeal. The important question is, What are the relative duties and obligations of the ditch owners and the owners of the land through which the ditch runs?

It is admitted that the alleged overflow and seepage had continued with the knowledge of defendant for at least a year; that the plaintiff had notified the defendant of the alleged defects in its ditch, and offered to repair the same so that no water should escape therefrom upon her premises for twenty-five dollars, and that the defendant had declined said proposition. The theory and claim of defendant is that the plaintiff was under a legal obligation to dig a ditch upon her own

premises, if it could be done at a small expense, and thus conduct the said seepage from defendant's ditch off from her land. If this be true, then it results that ditch owners have such a dominion over the lands through which their ditch is located as gives them not only a right of way for lateral ditches to conduct off water escaping from their main ditch through the adjoining land, but also that such escape ditches shall be maintained by such adjoining owners, providing that it can be done at a small expense. We do not understand that the doctrine relied on can be extended so far. The plaintiff is entitled to control her own premises. (*Flynn v. Railroad Co.,* 40 Cal. 14, 6 Am. Rep. 595; *Yik Hon v. Water Works,* 65 Cal. 619, 4 Pac. 666; *Burroughs v. Railroad Co.,* 15 Conn. 124, 38 Am. Dec. 75; *Railroad Co. v. Hendrickson,* 80 Pa. St. 182, 21 Am. Rep. 97; *Fero v. Railroad Co.,* 22 N. Y. 209, 78 Am. Dec. 178, and note; *Cook v. Transportation Co.,* 1 Denio, 91; *Kellogg v. Railway Co.,* 26 Wis. 223, 7 Am. Rep. 69.)

We understand the rule to be that where one person suffers injury by the carelessness of another, occurring unexpectedly, and in a transitory manner, the one so suffering must go to some trouble to avoid or lessen the damage, if a temporary expedient or slight expense will do so; but if the one whose carelessness or negligence causes a continuing injury to another, having knowledge of the evil and the cause of it, deliberately stands by, having an equal opportunity to prevent the damage as the one suffering it, and permits it to continue without an attempt to prevent it, he cannot avoid his responsibility by showing that the one injured might have avoided the damage by a slight expense. (Shearman and Redfield on Negligence, secs. 25, 28, 31, 36; *Kerwhacker v. Railroad Co.,* 3 Ohio St. 172, 62 Am. Dec. 246; Beach on Contributory Negligence, secs. 13, 18, 64; *Railroad Co. v. Anderson,* 31 Gratt. 812, 31 Am. Rep. 750; *Railroad Co. v. Jones,* 95 U. S. 439; *Gould v. McKenna,* 86 Pa. St. 297, 27 Am. Rep. 705; Wharton on Negligence, 74–78; *Fraler v. Water Co.,* 12 Cal. 556, 73 Am. Dec. 562; Cooley on Torts, 679; 4 Wait's Actions and Defenses, 718; *Snyder v. Railway Co.,* 11 W. Va. 37; *Railroad Co. v. Medley,* 75 Va. 499, 40 Am. Rep. 734.)

The appellant assigns the giving of the first six instructions on behalf of plaintiff, and the refusal to give the first, second, and third instructions asked for by defendant, as error.    The objection to these instructions given, and to the refusal to give the first and second asked by defendant, are based upon the theory that the plaintiff was guilty of negligence.    We think that the evidence offered by defendant itself, and the admissions of defendant, show that plaintiff did all that could legally be required of her, and there was no evidence of negligence to justify the instructions refused, or the rejection of those given.    Had plaintiff failed to notify defendant of the defects in its ditch, and thus allowed the damage to continue and increase to her knowledge, when the defendant was ignorant of its cause, or had there been a sudden break in the ditch, which, by a temporary expedient, at a slight expense the plaintiff might have repaired, and thus have prevented the damage, the doctrine of negligence would apply.    But in this case we think there was no error in giving or refusing said instructions.

The third instruction asked for by defendant, and refused, is as follows: "The defendant is not liable for damages that may have resulted from rains or floods, or from damages that may have resulted from the acts of other parties in irrigating higher grounds, or from water standing above the ditch of defendant, and percolating through the soil, and accumulating on land of plaintiff; nor from breaks in the banks of the ditch of defendant, if defendant used such care in constructing, operating, and repairing its ditch as a prudent man would use if his own property were exposed to damage."    The first proposition in this instruction, though good in a case where there was no question as to water from defendant's ditch contributing toward the damage, is hardly applicable to this case.    There seems to be no question that water escaped from the defendant's ditch, and, at best, mingled with the waters from other sources, if such there were.    But the fact that others were also liable would not excuse the wrongful negligence of defendant.    (Cooley on Torts, 684; 4 Wait's Actions and Defenses, 719.)    We think the second part of the instruction not applicable, for the reason that defendant's own testimony shows that it allowed the water to run without using adequate means to stop it, upon

the theory that the plaintiff might avert the damage at a slight expense, and that it was her duty to do so.

The appellants allege as error the refusal of the court to strike out certain findings of fact and conclusions of law.   The first finding objected to seems to be necessarily included in the general verdict of the jury, and can result in no harm to defendant, and the others were within the province of the trial judge, and bear upon the matter of the injunction.   As to the remaining alleged error, to wit, the granting of the injunction, we are of the opinion that this remedy is not necessary to protect the rights of the plaintiff, and is of doubtful utility.

The judgment is affirmed as to damages, and reversed as to granting the injunction.

Hays, C. J., and Broderick, J., concurring.