[No. 1478.]

## M. SHIELDS, RESPONDENT, v. ORR EXTENSION DITCH COMPANY, A CORPORATION, APPELLANT.

INSTRUCTIONS, PROPERLY DENIED—EVIDENCE.—Instructions as to the law under a certain state of facts are properly denied when the uncontroverted evidence shows such facts do not exist.

CONTRIBUTORY NEGLIGENCE—LIABILITY FOR DAMAGE—ESCAPING WATER FROM IRRIGATING DITCH.—The doctrine of contributory negligence does not apply in case of injury to land from the escape of water from a ditch, the owner of the ditch knowing of the defects therein, and being able to prevent the injury. Under such circumstances, no duty rests upon the injured party to avoid the consequences of the owner's acts.

DAMAGE—SEEPAGE FROM DITCH—LIABILITY OF OWNER.—The owner of an irrigating ditch is bound to keep it in good repair, and is liable for damage caused by seepage of water from it.

PRACTICE—AMENDMENT OF COMPLAINT—DISCRETION OF TRIAL COURT.—An amendment of the *ad damnum* clause of the complaint, by increasing the amount claimed, is a matter within the discretion of the trial judge, and may be allowed during the trial.

IDEM—RECORD ON APPEAL—ERROR WHEN CANNOT BE DETERMINED.—The appellate court cannot determine whether or not error was committed by the trial court in excluding questions propounded to a witness, when there is nothing in the record to indicate what the proposed testimony would be.

INJUNCTION—ESCAPING WATER—PRESCRIPTIVE RIGHT.—Where, in an action against the owner of a ditch, for escape of water therefrom onto the plaintiff's land, defendants claim a prescriptive right, which would in time ripen into an adverse right, plaintiff prevailing is entitled to an injunction.

APPEAL from the District Court of the State of Nevada, Washoe county; *A. E. Cheney*, District Judge:

Action for damages and an injunction against the Orr Extension Ditch Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The facts sufficiently appear in the opinion.

*Torreyson & Summerfield* and *Thos. E. Haydon*, for Appellant:

I. The refused instructions may be summarized as follows: In the construction, operation and repair of ditches the owners are required to exercise no greater degree of care and skill than is exercised by ordinary prudent men when the risks are entirely their own, and such care and skill is relative to all the affecting conditions and attending circumstances of each particular case.

II. The rulings of the court in refusing to give these requested instructions are equivalent to holding that it is the absolute legal duty of ditch owners and operators to prevent any water escaping from their ditches to the injury of others, regardless of conditions and circumstances, except, possibly, when such injuries are purely accidental results, and the owners are without blame.

III. That the requested instructions correctly state the law, seems to be clearly established by leading text writers and by numerous decisions of able appellate courts. (Kinney on Irrigation, 314, 315, 324, 325; Gould on Waters, 232; Pomeroy on Riparian Rights, 72-3: *Hoffman* v. *Tuolumne Water Co.*, 10 Cal. 413; *Wolf* v. *St. Louis Water Co.*, 10 Cal., 541; *Gibson* v. *Puchta*, 33 Cal. 310; *Richardson* v. *Kier*, 34 Cal. 63; *Campbell* v. *Bear River Co.*, 35 Cal. 679; *Greely Irr. Co.*, v. *House*, 14 Colo. 549; *McCarty* v. *Boise Co.*, 10 Pac. 623: *Hopkins* v. *Butte Co.*, 33 Pac. 817.)

IV. It may be admitted that the prevailing doctrine of the English courts is that the owner or operator of ditches or artificial watercourses becomes an insurer of the owners or occupants of adjacent lands against all possible injury resulting therefrom. Such, however, in appellant's judgment, is not the law in America, and certainly not in the

arid portions of the United States where irrigation is regarded by the courts as a natural want and a necessary right. (*Reno S. Works* v. *Stevenson*, 20 Nev. 282; *Coffin* v. *Ditch Co.*, 6 Colo. 443.)

V.   Appellant respectfully submits that the refusal of the trial court to give the jury defendant's requested instruction 3, the same having been properly and aptly plead and legal evidence having been admitted tending to sustain the plea of plaintiff's contributory negligence, operated to deprive appellant of the benefit of a meritorious defense.

VI.   Appellant plead a prescriptive right, or easement, to permit the water to escape from its ditch and flow upon the lands of plaintiff in the quantities and manner complained of by plaintiff in his complaint.   Appellant's ditch had been operated by appellant at least nine years before respondent acquired title to or occupied his ranch.   The testimony of appellant's witnesses was of the general effect that the escape of water from the ditch had gradually decreased since its construction, and that appellant's claimed right to permit the water to escape was never denied by plaintiff's predecessors in interest.

VII.   Water passing through and beneath the soil by seepage or percolation becomes and is a part of the soil in which it is found, and an upper proprietor may wholly deprive the lands lying below of the usual benefits thereof, without incurring any liability for the injury caused by so doing.   (Pomeroy on Riparian Rights, 63; *Mosier* v. *Caldwell*, 7 Nev. 363; *Strait* v. *Brown*, 16 Nev. 317; *Hanson* v. *McCue*, 42 Cal. 303; *Village of Delhi* v. *Youmare*, 45 N. Y. 362.)   While it is true that there are decisions holding that the above rule of law does not apply to water percolating through the banks of impounding structures, yet appellant submits that in arid countries like Nevada, where irrigation is a natural want and necessity, it should be held applicable.   In *Gibson* v. *Puchta*, 33 Cal. 310, it was held that the owner of land is not liable for annoyance or injury resulting from percolating water resultant from irrigation.

VIII.   The trial court erred and exceeded its legal discretion in the premises in granting the injunction.   The escape of the comparatively insignificant quantities of water

from appellant's ditch, and its flow upon the lands of respondent, were not the result of any wanton or malicious negligence or act of appellant, but, on the contrary, the evidence clearly shows that it occurred, notwithstanding the strenuous efforts of appellant to prevent it. The damage as found by the jury was hardly more than nominal, being only $10 per year.

IX. It is earnestly urged by appellant that, in view of the clear and convincing exposition of the law governing the granting of injunctions contained in the case of *Thorn* v. *Sweeney*, 12 Nev. 251, and in the numerous authorities therein cited, an injunction should not have been granted.

*Curler & Curler,* for Respondent:

I. It is the duty of ditch owners to so construct, maintain and manage their ditches as that the property of others lying below their ditches shall not be injured by water escaping therefrom, and if, from any neglect of the owners of the ditch in not properly constructing, maintaining, managing and repairing the ditch, water escapes therefrom upon the lands of others to his damage, the ditch owner is liable. (Kinney on Irrigation, sec. 314.)

II. The uncontradicted evidence in the case shows that during all of the time complained of, and long before, the defendant (appellant herein) had knowledge that water was escaping from the ditch upon the lands of plaintiff.

III. The uncontradicted evidence further shows that with this knowledge the defendant continued, year after year, to use its ditch in identically the same way that it had the years previous, without any change in its construction, and with the full knowledge that water would escape therefrom. This of itself shows negligence *per se.* (*Catlin Land and Canal Co.* v. *Best,* 31 Pac. Rep. 391; *Greely Irr. Co.* v. *House,* 24 Pac Rep. 329.)

IV. The duty of a ditch owner to so use his own property as not to injure the property of others is absolute, and he is relieved from liability only when the damage is caused by fortuitous or unlooked-for occurrences that ordinary prudence could not guard against.

V. A person owning a ditch from which water escapes

upon the premises of another, and allows such water to escape after notice, cannot escape liability on the ground that the land owner, at slight expense, might have prevented any damage by digging a ditch that would have conducted the water off from his premises. (*McCarty* v. *Boise City Canal Co.*, 10 Pac. Rep. 623.)

VI.   Water breaking or seeping through the banks of a ditch is in no sense percolating water, and cannot be considered as part of the soil of the ditch, and defendant's authorities cited upon that proposition are not applicable to the case at bar. (*Pixley* v. *Clark*, 35 N. Y. 520.)

VII.   There was no error in permitting plaintiff to file an amendment to his complaint pending the trial.   The right to grant permission to file such an amendment was in the sound discretion of the court, and courts will always liberally exercise their powers to permit such an act.

VIII.   The granting of the injunction was entirely proper. The gravamen is a trespass upon land, and it would be continued unless the defendant was restrained.   The injury is irreparable in itself. (*Richards* v. *Dower*, 64 Cal. 62; *Merced Min. Co.* v. *Fremont*, 7 Cal. 322; *Hicks* v. *Michel*, 15 Cal. 116; *Leach* v. *Day*, 27 Cal. 646; *Daubenspeck* v. *Grear*, 18 Cal. 444; *Courtright* v. *B. R. & A. W. & N. Co.*, 30 Cal. 573.)

IX.   In an action where plaintiff complains of continuous wrongful act and consequent infringement of his rights, an injunction will be granted, although there is no allegation or proof of actual damage. (*Moore* v. *Clear Lake Water Works*, 68 Cal. 148.)

By the Court, BELKNAP, J.:

Respondent brought this action to recover damages to his land and crops by water escaping from appellant's ditch, and for an injunction restraining a repetition of the wrongs complained of.   A trial was had before a jury, which resulted in a verdict for respondent, assessing his damages in the sum of $50 36, and for costs.   Thereupon the court ordered judgment to be entered upon the verdict, and granted an injunction, restraining defendant from permitting water to escape from its ditch upon a portion of the described premises and denying it as to another portion used by·

respondent as pasture land. It was shown at the trial that the ditch of defendant was upon a hillside sloping towards the lands where the damage complained of occurred. The ground through which the ditch ran was rocky and porous, and water constantly escaped with the knowledge of the defendant during the irrigating season when the ditch was full, not by means of overflow, but by seepage and leakage through its banks. These facts were uncontroverted at the trial.

Several of the instructions asked for by the defendant were refused by the court upon the ground that they were not applicable to the facts of the case as presented by the testimony. One of these was in effect that defendant was not liable for a mere accidental injury when no negligence was shown.

There was no testimony tending to show that the escape of water was the result of accident; on the contrary, the uncontradicted testimony showed a constant escape of water during the irrigating season with defendant's knowledge.

Another of the refused instructions was, in effect, that defendant claimed a prescriptive right to have the escaping water flow upon plaintiff's land; but, in fact, there was no testimony tending to show such claim. On the contrary, the testimony introduced by defendant itself was inconsistent with the instruction. Again, two proposed instructions, numbered 1 and 2, respectively, in the transcript, were refused by the court. Each of them is drawn upon the theory that defendant might recover if it has not been guilty of negligence. But, as the uncontradicted testimony showed negligence of defendant in permitting water to escape from its ditch, the issue of negligence was eliminated from the case. They were, therefore, inapplicable and misleading.

An instruction also was asked to the effect that the plaintiff himself should have exercised ordinary care to have avoided the consequences of defendant's acts, and failing to do so the parties were in mutual fault.

The doctrine of contributory negligence is not applicable to cases of this nature where the defendant had knowledge of the defects of its ditch and could have prevented the injury. Under these circumstances, no duty rested upon

plaintiff to have avoided the consequences of defendant's acts.

In a case from Idaho, the supreme court of that state said: "A person owning a ditch from which water escapes upon the premises of an adjoining land owner, cannot escape liability on the ground that such land owner might, at a small expense, have prevented any damage by digging a ditch on his own land that would have carried off the waste water." .(*McCarty* v. *Boise City Can. Co.*, 10 Pac. 623; and cases there cited; Black's Pom. Water Rights, sec. 197.)

The court was asked to instruct the jury that, if the injury was caused solely by seepage, filtering or percolation, defendant was not liable. All of the testimony showed that the seepage of water from defendant's ditch was the cause of the damage. In such case defendant's liability is well settled.

In *Richardson* v. *Kier*, 34 Cal. 63, the court said: " He [the ditch owner] is bound to keep it [the ditch] in good repair, so that the water will not overflow or break through its banks, or destroy or damage the lands of other parties; and if, through any fault or neglect of his in not properly managing and keeping it in repair, the water does overflow or break through the banks of the ditch and injure the lands of others, either by washing away the soil, or covering the soil with sand, the law holds him responsible." See, also, *Parker* v. *Larsen*, 86 Cal. 236; *Pixley* v. *Clark*, 35 N. Y. 520; Angell on Watercourses, sec. 330.

At the trial the court allowed plaintiff to amend the *ad damnum* claim. Plaintiff originally claimed $1,000 damages. By the amendment $1,400 was claimed. This was a matter within the discretion of the trial judge. If the amendment operated as a surprise to defendant, that fact could have been stated, and a continuance asked for. The verdict, however, being for only $50, when $1,400 was claimed by the complaint, no prejudice could have resulted to defendant by the ruling. (*Miaghan* v. *Hartford Fire Ins. Co.*, 24 Hun, 58; *Johnson* v. *Brown*, 57 Barb. 118; *Vibbard* v. *Roderick*, 51 Barb. 616; *Currie* v. *N. J. & C. R. R. Co.*, 61 Minn. 725.)

An objection was made to a ruling of the court in excluding one or two questions propounded to the witness Bryant by the defendant. There is nothing in the record to indicate

what the proposed testimony would be. It was incumbent upon appellant to have shown the substance of his testimony, so that its materiality could be determined by this court. As the record now is, we cannot determine whether the court erred or not. (*Marshall* v. *Hancock*, 80 Cal. 82; *Dainese* v. *Allen*, 36 N. Y. Sup. Ct. 98; *Berry* v. *Mayhew*, 1 Daley, 54; *Girard Fire Ins. Co.* v. *Boulden*, 11 So. 773.)

Error is also claimed to have been committed by granting an injunction. It is said that the damages sustained by the plaintiff were trivial, and the inconvenience to the defendant disproportionate to the loss sustained. In its answer, defendant claimed a prescriptive right which would in time ripen into an adverse right. In such cases the party prevailing is entitled to have an injunction for the vindication of his right and its preservation. (*Brown* v. *Ashley*, 16 Nev. 316, and cases cited.)

Judgment affirmed.