(March 2, 1904.)

## STUART v. NOBLE DITCH COMPANY.
[76 Pac. 255.]

DAMAGES—WATER DITCH—INSUFFICIENCY OF EVIDENCE—VERDICT—EMPLOYEE—MANAGEMENT—INSTRUCTION.

1. Evidence held insufficient to support the verdict.

2. If the employee of a corporation having the management of an irrigating canal opens a wastegate to relieve the canal of an overplus of water and thereby injures a land owner, the corporation is liable therefor, and it is error to eject evidence of such fact if made an issue in the case.

3. Under the provisions of section 4207, Revised Statutes, pleadings must be liberally construed with a view to substantial justice between the parties.

4. It is not error for the court to admit evidence tending to establish a material issue made by the pleadings.

5. A member of the board of directors of a water corporation, who consented to the location, plan and method of the construction of a water canal, cannot' recover damages sustained by him by reason of seepage therefrom, until the company had had notice thereof, and a reasonable time thereafter in which to repair such canal.

6. Nor can he recover any damage if it were plain, obvious and readily foreseen that seepage would result from such canal by reason of its location and construction in the manner and method planned.

7. A person may recover for damage sustained by reason of the mismanagement of a canal which damage resulted from defective wastegates, or from opening them to relieve the canal from an over-supply of water, or from neglect in keeping the canal in proper repair.

APPEAL from Canyon County District Court. Honorable George H. Stewart, Judge.

Action to recover damages for the careless location and construction of a canal and for the careless mismanagement thereof. Judgment for defendant. Reversed.

Morrison & Pence and Wood & Wilson, for Appellant.

Presumption as to damages: The law will presume damage from the infringement of a legal right. (*Webb v. Portland Mfg. Co.,* 3 Sum. 189 Fed. Cas. No. 17,322; *Whipple v. Cumberland Mfg. Co.,* 2 Story, 661, Fed. Cas. No. 17,516.) The law presumes damages from a trespass upon realty. (*Attwood v. Fricot,* 17 Cal. 37, 76 Am. Dec. 567.) Where the evidence shows a violation of plaintiff's right, the law implies actual damage sufficient to sustain an action. (*Blanchard v. Burbank,* 16 Ill. App. 375.) The impossibility of definitely measuring the damages received by a money standard is no ground for denying pecuniary relief. (*Birmingham v. Lewis,* 92 Ala. 352, 9 South. 243.) If they cannot be measured by a fixed rule, all facts and circumstances tending to show what

they are should be submitted to the jury. (*Gilbert v. Kennedy,* 22 Mich. 117.) Overflowing lands: In an action for overflowing the lands of the plaintiff by a dam, the plaintiff is entitled to nominal damages if he cannot prove any special. (*Dorman v. Ames,* 12 Minn. 451; *Pastorious v. Fisher,* 1 Rawle, 27.) Nominal damages may be recovered for the diversion of a natural watercourse, without proof of actual injury. (*Blodgett v. Stone,* 60 N. H. 167.) The law implies damage from the act of flowing backwater upon the land of another, and nominal damages at least may be recovered. (*Graver v. Sholl,* 42 Pa. St. 58.)

Richards & Haga, for Respondent.

A party who claims compensation for an injury done him must show, as part of his case, not only that he has suffered loss on account of the injury, but also what is the amount of the loss; and the burden of proving both these things is upon him. (Sedgwick on Damages, sec. 170; *Orient Min. Co. v. Freckleton,* 27 Utah, 125, 74 Pac. 652.) Where the sole question is one of fact and the evidence is conflicting, the finding of the jury will not be disturbed. (*Sears v. Flodstrom,* 5 Idaho, 314, 49 Pac. 11.) Where there is a substantial conflict in the testimony, the verdict of the jury will not be disturbed on appeal. (*Simpson v. Remington,* 6 Idaho, 681, 59 Pac. 360.) Where there is a conflict of evidence in a trial before a jury, the appellate court will not disturb the verdict. (*Murphy v. Montandon,* 4 Idaho, 320, 39 Pac. 195; *Simons v. Daly* (Idaho), 72 Pac. 507; *Reay v. Butler,* 95 Cal. 206, 30 Pac. 209; *Coffin et al. v. Bradbury et al.,* 3 Idaho, 770, 95 Am. St. Rep. 37, 35 Pac. 715; *Hawkins v. Pocatello Water Co.,* 3 Idaho, 766, 35 Pac. 711.) The directors of a corporation occupy a fiduciary relation toward the stockholders, and are treated by courts of equity as trustees for them. The directors are the trustees and managing partners, and the stockholders are the *cestuis que trust.* (3 Thompson on Corporation, secs. 4009. 4010, 4104, 4106; *Briggs v. Spaulding,* 141 U. S. 132, 11 Sup. Ct. Rep. 924, 35 L. ed. 662; *Wallace v. Lincoln Sav. Bank,* 89 Tenn. 630, 24 Am. St. Rep. 625, 15 S. W. 448.) Where there

is a duty of finding out and knowing, negligent ignorance has the same effect in law as actual knowledge. (3 Thompson on Corporations, sec. 4108; 2 Thompson on Negligence, p. 762.)

SULLIVAN, C. J.—This is an action to recover damages occasioned by the negligent and unworkmanlike manner in which a certain ditch known as the Noble ditch was constructed and managed. It is alleged in the complaint that great volumes of water in excess of the amount which said canal could or would carry were carelessly and negligently permitted to run through and out of said ditch and large and dangerous lakes and ponds of water formed therefrom upon the lands of the appellant, and that large and dangerous volumes of water were turned in, under and upon the said lands of appellant and made the same swampy, wet and spongy, and caused alkali and other caustics to arise and appear in damaging quantities upon the surface of such land, and also furrowed and tore up the surface of said land and carried debris and foreign deposits in and upon the said land, thereby and by reason of all of which said lands have been rendered incapable of cultivation and their permanent use and profit destroyed to the damage of the appellant in the sum of $4,000, and that his crops and labor upon said lands in preparing the same for the crop of 1901 were lost to his damage in the sum of $1,000.

The defendant answered denying the allegations of the complaint, and further answering averred that the plaintiff is one of the board of directors of the defendant corporation, which had full charge of the construction of said canal, and that any negligence which there might have been in the construction of the canal was done with the full approval and knowledge of the plaintiff and by the plaintiff as a representative of the defendant. It was further averred in the answer that if said land was injured at all it was by the seepage from an old ditch known as the old Noble ditch, and by the careless and negligent manner in which the plaintiff had irrigated the said land by reason of over-irrigating the same until the same had become swampy and spongy. It is further averred that any seepage water which may have arisen upon the lands of plaintiff had arisen solely from the seepage water from another canal

known as the Payette Valley Irrigation and Power Company's canal, situated above the canal of the defendant.

By way of amended answer the defendant alleged more and particularly the facts claimed to constitute plaintiff's estoppel on a question of his being a director of the defendant company during the period of the construction of said canal.

The issues thus made were tried before the court with a jury and the jury returned a verdict for the defendant, and sometime thereafter a judgment for costs was entered in favor of the defendant. The plaintiff thereafter moved for a new trial on the ground of newly discovered evidence, insufficiency of the evidence to justify the verdict, that the verdict was against law and of certain errors in law occurring at the trial and excepted to by the plaintiff. Said motion was denied. The appeal is from the order denying said motion.

Five errors are assigned on which a reversal of the order denying a new trial is based. The first is the insufficiency of the evidence to justify the verdict.

On a review of the evidence we are satisfied that the plaintiff was entitled to a judgment for nominal damages at least. And the court erred in not granting a new trial on that ground.

The second error assigned is that of striking out testimony of the appellant Stuart and Isaac Neal and rejecting the testimony offered by Neal and other witnesses showing and offering to show the voluntary opening of a wastegate to turn off water from said canal in order to relieve the breaks in said canal as a part of the mismanagement of the same.

Mismanagement was alleged in the complaint, and we think the evidence referred to had a tendency, at least, to establish that fact, and the court erred in striking out and rejecting any pertinent testimony upon that issue.

Counsel for respondent contend that the evidence above referred to related to the willful act of the ditch-walker and had no tendency to establish the alleged negligent management of said ditch by the defendant, as it is not shown that the defendant had any knowledge of or approved or acquiesced in said act of the ditch-walker. We take it that the act of the ditch-walker in opening the gate to relieve the ditch was the

act of the company, and not willfully done for the purpose of injuring the appellant, and if damage was done thereby the company would be liable. The company would certainly be liable for the negligent and careless acts of their servant, whom they had put in charge of said canal, in his management thereof, where his acts were done with a view of protecting the property of the company.

Counsel for respondent contend that the injury sustained by the plaintiff, if any, arose in the manner pleaded—that is to say, solely because of negligent construction and management of said ditch, and that being true, the evidence offered in regard to the opening of the wastegate by the ditch-walker was willful and without authority from the defendant, and was not admissible under said allegations, and that the pleading must be construed most strongly against the pleader.

In the construction of pleadings we are admonished by section 4207, Revised Statutes, that they must be liberally construed with a view to substantial justice between the parties. The allegations of the complaint in regard to the mismanagement of said canal are sufficient to admit any evidence tending to show the mismanagement thereof by which or through which the appellant sustained damage to his said land which he is seeking to recover in this action, as the company is responsible for the management of said ditch.

We do not think that because the agent of the company opened the wastegate to prevent damage to the ditch that he did it willfully to injure the property of the appellant. The court erred in rejecting that evidence.

The third error assigned is the action of the court in admitting the minute-book and by-laws of said corporation in evidence in connection with the testimony of the witness Sherman. Said by-laws and the record of certain proceedings of the board of directors are contained in that book. The record of the proceedings of the board of directors shows that the plaintiff was a director of said corporation and that he was present at two meetings of said board of directors, one on August 30, 1898, and one on September 12, 1898, the first of which was for the purpose of electing officers of said board. At the second meet-

ing an assessment of fifteen cents per share of the capital stock of said ditch company was levied for the purpose of defraying the current expenses thereof, and said board also authorized the employment of certain assistants in the survey of said canal. We suppose that this testimony was introduced for the purpose of establishing the defense of the defendant to the effect that as he was a director of the defendant corporation at the time said ditch was constructed, and that the same was located and constructed with his full knowledge and consent, and that he was estopped from recovering any damage he might have sustained by reason of such location and construction. If that were a legal defense, this evidence might be relevant, and we are confronted with the question as to whether the matter suggested is a defense to this action. The court instructed the jury as though it were a legal defense, and counsel for respondent cite 3 Thompson on Corporations, sections 4009, 4010, 4104, 4106, 4108, and 2 Thompson on Negligence, page 762; *Briggs v. Spaulding,* 141 U. S. 132, 11 Sup. Ct. Rep. 624, 35 L. ed. 662, *Wallace v. Lincoln Savings Bank,* 89 Tenn. 630, 24 Am. St. Rep. 625, 15 S. W. 448, and *Allen v. Wilson,* 28 Fed. 677 as sustaining the action of the court. Those authorities hold that directors of corporations occupy fiduciary relations to stockholders; that they occupy positions of trust and must act in utmost good faith; that they owe to the corporation and its stockholders that measure or degree of care, skill and diligence which a prudent man must exercise in the conduct of his own affairs; that they must give reasonable supervision to the officers of the company and they cannot shield themselves from liability because of ignorance if that ignorance is the result of gross inattention; that where there is a duty of finding out and knowing, negligent ignorance has the same effect in law as actual knowledge, and that a stockholder of a corporation is estopped from objecting to corporate acts which were performed with his knowledge and assent. We are unable to see wherein those authorities are applicable to the point under consideration. Many of those actions were brought to hold the directors liable, to the corporation, and others, for mismanagement or gross neglect of duty, while in this case

the question is whether the plaintiff is estopped from recovering damages by reason of his being or having been a member of the board of directors of said corporation. If it were proved under proper allegations of the complaint that the appellant was a member of said board at the time said ditch was planned, located and constructed, and that ordinary and reasonable care and judgment in the location and construction thereof was exercised, and that it was not obvious, plain or apparent, or could not with reasonable diligence have been foreseen by said board that the seepage therefrom would injure plaintiff's land, the plaintiff would not be estopped from recovering his damages sustained therefrom in case the defendant company failed to repair the ditch within a reasonable time after said company had notice that the seepage was injuring plaintiff's land; that is, he could recover such damage as he would sustain after the expiration of a reasonable time 'which the company would have to repair said ditch after notice of the defect in the ditch. But the rule would be different if it were obvious, plain or apparent and could reasonably have been foreseen that the seepage therefrom would injure the plaintiff's land, and he participated in and consented to the location and construction of said ditch.

. The above and foregoing refers to the location and construction of said ditch.

- Now, as to the management thereof. If it is not shown that the plaintiff took any part or acquiesced in any way in the management of said canal and sustained damages by reason of the negligent or careless management, thereby permitting more water to run into said canal than it would carry, or failed to keep the headgate and wastegate in proper repair, and by reason thereof the plaintiff's land and crops were flooded, he is not estopped from recovering damages simply on the ground that he was a director of said company, unless it is shown that those things were done with his knowledge and consent and without objection on his part while he was director of said corporation.

∴ It must be borne in mind that damages are claimed in this action because of the negligent and unworkmanlike manner of the construction of said ditch and the negligent and careless management thereof.

The giving of instruction No. 13 and the giving of an oral instruction, when the jury returned into court for further information, is assigned as the fourth error, which instruction is as follows: "You are instructed that if you believe from the evidence that at the time the canal mentioned in plaintiff's complaint was planned, located and constructed through or above the land described in such complaint, the plaintiff was a member of the board of directors of said defendant, and that such board had charge of planning, locating and constructing such canal, and that the plaintiff as a member of such board participated in the planning, locating and constructing of such canal, or approved of the manner in which such canal was planned, located and constructed, then for the injury resulting from such negligent planning, location or construction of such canal the plaintiff cannot recover."

In order to fully understand the assignment of error, we will here insert the fourteenth instruction given by the court, which is as follows: "If the jury find from the evidence that the defendant company was negligent in the use and management of its ditches, and that plaintiff did not acquiesce in, but protested against, such negligent management, and that by this negligent management the plaintiff has been injured and damaged, then it will be your duty to find for the plaintiff, notwithstanding the fact that plaintiff was a stockholder or officer in the defendant company."

After giving said instructions the jury retired to consider of their verdict, and while they were deliberating they returned into court, and one of the jurors thereupon asked the court as to the liability of the plaintiff in relation to his official acts while a member of the board of directors of the defendant company, whereupon the court stated to them that the question asked was fully covered by two instructions (referring to instructions 13 and 14), and which related to the plaintiff's acts while a member of the board of directors of said defendant corporation and said that "the plaintiff would be affected, in this cause, by his acts while a member of the board of directors of the defendant company."

It is contended that the last instruction carried with it an

implication that the plaintiff had acquiesced as a director in the planning and construction of the canal, and for that reason was affected by his acts as a director. The court there informed the jury that the question asked by the juror was covered by two instructions upon that point, evidently referring to instructions 13 and 14 above quoted, and that he would be affected in this cause by his acts while a member of said board. The court evidently meant that plaintiff would be affected as stated in said instructions. If the jury construed said answer in that way no damage was done. But if they construed it to mean that by being a director he was injuriously affected, or that the plaintiff had acquiesced in the location and construction of said ditch and was for that reason not entitled to damages, they evidently misconstrued the meaning clearly intended to be conveyed by the court. As a new trial must be granted for other reasons, it is not necessary for us to say anything further in regard to said instruction as it certainly will not be given on a retrial of the case.

As to the thirteenth instruction above quoted. The court there instructed the jury that if the appellant was a member of the board of directors of the respondent company, and that such board had charge of planning, locating and constructing such canal, and that the appellant as a member of such board participated in the same or approved of the manner in which such canal was planned, located and constructed, then for the injury resulting from such negligent planning, location or construction of such canal the appellant cannot recover. We think under the allegations of the complaint there was no error in giving that instruction.

In our view of the case, it is not necessary to pass upon the question whether the newly discovered evidence is sufficient to warrant the granting of a new trial, for the reason that a new trial must be granted by reason of the errors above set forth.

For the reasons above given, the court should have granted a new trial. The judgment is reversed and the cause remanded, with instructions to grant a new trial.

Stockslager and Ailshie, JJ., concur.