186 P.2d 853

## ALBRETHSON v. CAREY VALLEY RESERVOIR CO.

### No. 7367.

Supreme Court of Idaho.

Nov. 12, 1947.

Rehearing Denied Dec. 4, 1947.

Bissell & Bird, of Gooding, for appellant.

James, Shaw & James, of Gooding, for respondent.

GIVENS, Justice.

Respondent, for himself and as assignee of his share-crop landlord, contending ap-

532

pellant, a mutual cooperative nonprofit irrigation company, negligently maintained and operated its irrigation canal, sued and recovered damages for crop loss on seven acres of his land for 1940 and forty acres in 1941; claimed to have resulted from water negligently and injuriously leaking and seeping from appellant's canal into the land described, whereby the enumerated and evaluated crops did not mature.

Appellant denied water seeped or percolated from the canal to respondent's injury or· that he was damaged in the amount sued for because of its negligence or otherwise; and as affirmative defense urged estoppel because respondent had rented the land with full knowledge of the existence of the ditch, the manner in which it was maintained and had participated in the use thereof: i. e. evidently using water therefrom; and as a second affirmative defense, alleged the land in question was naturally soggy, sodden, boggy, tule infested and swampy and for years had been a natural, boggy swamp and that any water-logging thereof was occasioned by water flowing from or on to the land naturally from the hills to the north, east and south thereof; that appellant's ditch in fact helped to cut off or prevent some of such waters from percolating into respondent's land and was, therefore, a benefit to him and that the adjacent hills are water-bearing hills and contributed whatever water there was that caused respondent's land to be wet.

The appeal seeks relief from the verdict and judgment for respondent, on two main grounds: First, the evidence was insufficient to show the canal was negligently maintained or that the water-logged condition of respondent's land was due to water escaping therefrom, thus tersely expressed by appellant's brief:

"An examination of the physical facts, and the pleadings in this case narrows the issue presented to one question; 'Was the defendant's negligence in the operation and maintenance of its canal during the year 1940 and 1941, the proximate cause of defendant's alleged damage?'" and second, instructions erroneously given and refused.

The portion of respondent's land asserted to have been injured is largely in Section 9, a small part being in Section 10, Twp. 1 So., Range 21 East, B.M. and slopes to the south and west in a natural depression, cove, basin or swale between hills high on the north, lower to the east and south. The location of the land and appellant's canal, which extends from the southeast to the northwest along the southern boundary of respondent's land, being separated therefrom by a dirt road and a fence, is graphically portrayed in Plaintiff's Exhibit B, set forth herein.

MAP
SHOWING SEEPED AREA
SECTIONS 9 & 10, T.1 S., R.21 E.

A lateral of the Little Wood River Canal with point of diversion about a mile and a half northwest of the northwest corner of the northeast forty in Section 9, extends in a semi-circle around respondent's land east, south and west, terminating at a point

in the southern part of said forty and parallels in part or extends into a drain ditch along the southern part of respondent's land, likewise shown on the map. Respondent's main water supply is from this ditch. The seeped area is bounded by hatched lines, with the claimed leaks in appellant's canal indicated by the word "seep" where it was testified by witnesses, water was leaking or seeping out of the canal banks into the borrow pits on both sides of the road and out into respondent's field. A reservoir on Fish Creek to the east of the area involved is the source of appellant's canal, which emerges from a tunnel in the southeast corner of the map, and after a drop of 28 or 30 feet in one thousand feet, extends west about 6000 feet as indicated, with an average fall through that area of about one foot in one thousand feet.

■ This court early announced and has consistently adhered to the proposition that an owner of an irrigation ditch is liable for damages resulting from negligence in constructing or maintaining the ditch. McCarty v. Boise City Canal Company, 2 Idaho 245, 10 P. 623; Arave v. Idaho Canal Company, 5 Idaho 68, 46 P. 1024; Wilson v. Boise City, 6 Idaho 391, at page 404, 55 P. 887; Stuart v. Noble Ditch Company, 9 Idaho 765, 76 P. 255; Burt v. Farmers' Co-Operative Irr. Co., Ltd., 30 Idaho 752, at page 767, 168 P. 1078; Nampa & Meridian Irr. Dist. v. Petrie, 37 Idaho 45, at page 53, 223 P. 531; Stephenson v. Pioneer Irr. Dist., 49 Idaho 189, 288 P. 421, 69 A.L.R. 1225.

The underlying principle has likewise been the statutory rule since 1881. 1881 Session Laws, Sec. 16, p. 271, now Sec. 41-1104, I.C.A.[1] Such statute was, therefore, properly given as one of the questioned instructions in this case.

Other courts have likewise announced the same doctrine, some citing and quoting with approval Idaho cases. Shields v. Orr Extension Ditch Co., 23 Nev. 349, 47 P. 194; Howell v. Big Horn Basin Colonization Co., 14 Wyo. 14, 81 P. 785, at page 790, 1 L.R.A.,N.S., 596; Paolini v. Fresno Canal & Irrigation Co., 9 Cal.App. 1, 97 P. 1130; Stroup et al. v. Frank A. Hubbell Co., 27 N.M. 35, 192 P. 519, 32 L. R.A. 450; Kall v. Carruthers et al., 59 Cal. App. 555, 211 P. 43; Calvert et al. v. Anderson et al., 73 Mont. 551, 236 P. 847; Wilson et ux. v. Pacific Power & Light Co.,

---

[1] "Prevention of damage to others.— The owners or constructors of ditches, canals, works or other aqueducts, and their successors in interest, using and employing the same to convey the waters of any stream or spring, whether the said ditches, canals, works or aqueducts be upon the lands owned or claimed by them, or upon other lands, must carefully keep and maintain the same, and the embankments, flumes or other conduits, by which such waters are or may be conducted, in good repair and condition, so as not to damage or in any way injure the property or premises of others." Section 41-1104, I.C.A.

---

171 Wash. 232, 17 P.2d 846; Kaylor et al. v. Recla et ux., 160 Or. 254, 84 P.2d 495, at page 498.

Oregon, citing among others, McCarty v. Boise City Canal Company, supra, noted this doctrine was first announced by Hammurabi some 700 years before Moses, or over 2,000 years before the beginning of the Christian era. Mallett v. Taylor, 78 Or. 208, 152 P. 873, at page 875.

Appellant contends such an imposition of liability violates appellant's right to divert and appropriate water, guaranteed by Article XV, Sec. 3, of the Idaho Constitution. No reason is advanced nor authority cited which holds that such right to appropriate and divert water is any greater than the ordinary right to own and use property of any kind or why the appellant in the use of water should be freed from the responsibility and liability universally resting upon the owner and user of property; *sic utere tuo ut alienum non laedas.*

Respondent's witnesses testified in substance that prior to 1940, the land in question was not wet during the crop season and crops were grown and matured thereon, but in 1940 some seven acres were so saturated with water the crops did not mature; the same condition being increased and accentuated in 1941, resulting in loss on 40 acres; detailing the price and value of the crops, etc., and that a short time after water was turned into appellant's canal during those two and subsequent years, water could be seen leaking or seeping from the banks of the canal into the borrow pits on both sides of the road and into the field; that test pits were dug, marked by crosses and numbers 2 and 3 on the map appended hereto, in the northeast forty in Section 9, in which water rose and stood, and that after water was shut off in appellant's canal, water subsided in these test pits; that the canal in question along the southern boundary of appellant's land was constructed through gravel and broken lava rock.

Mr. Hayes, an admittedly qualified engineer with great experience in irrigation matters, testified for respondent the ditch was negligently maintained in that the action of the water had scoured out the impervious silt or sediment from the bottom and sides of the canal and that water was escaping through the rock and gravel and porous lava and that in 1943 when he made his investigation, water was leaking and seeping from the banks of the canal and that the water in the fields came from the canal.

Appellant takes the position the ditch was as well maintained as other ditches in the same general territory and that measurements made by its witnesses showed a loss of only four inches per mile, which, it contended, was not excessive or showed negligence.

Mr. Coffin, a recognized engineer of great experience in irrigation matters,

testified for appellant and there was much testimony pro and con and cross examination with regard to whether the measurement of the water above and below a certain point showing loss or gain was better evidence of loss from the ditch from seepage or leakage, than the visual evidence of the water coming through the banks of the canal. Likewise, evidence of the return flow from bank storage and the effect of taking these measurements when the ditch was full of water or when there was less water in the canal, and also taking them when a large amount of water in the canal was suddenly reduced. Appellant contended the measurements showed the canal gained water instead of losing it. Respondent contended any gain was from bank storage, because the measurements were taken when there was only about 100 inches in the canal immediately following a flow of about two thousand inches.

Conceding a conflict in the testimony, there is substantial evidence to support the verdict on the basis the canal was negligently maintained and such negligence was the proximate cause of injuries to respondent.

■ Instruction No. 5[2] was not erroneous because it placed the burden of proof on defendant as to its affirmative defenses. Kiesel v. Bybee, 14 Idaho 670, at page 675, 95 P. 20; Hays v. Robinson, 35 Idaho 265, at page 270, 206 P. 173.

■ Appellant contends Instruction No. 7[3] in effect told the jury appellant was charged with being an insurer, and that:

" * * * had the instruction contained appropriate explanation, to the effect that the diverter was not an insurer against all damage, but only against unnecessary injury, it might have been correct; but as

---

[2] "It is incumbent upon the plaintiff to prove by a preponderance of the evidence each and every material allegation of his complaint, and it is incumbent upon the defendant to prove by a preponderance of the evidence each and every material affirmative allegation of its answer.

"By a preponderance of the evidence is meant the greater weight of evidence— that which is to your minds the more convincing as to its truth. If, in your opinion, the testimony on any essential point is evenly balanced, then the party on whom the burden rests to prove the same by a preponderance of the evidence must be deemed to have failed in regard thereto." Inst.No.5.

[3] "You are instructed that Section 41-

1104, Idaho Code Annotated, provides as follows:

" 'Prevention of damage to others.— The owners or constructors of ditches, canals, works or other aqueducts and their successors in interest, using and employing the same to convey the waters of any stream or spring, whether the said ditches, canals, works or aqueducts be upon the lands owned or claimed by them, or upon other lands, must carefully keep and maintain the same, and the embankments, flumes or other conduits, by which such waters are or may be conducted, in good repair and condition, so as not to damage or in any way injure the property or premises of others.' " Instruction No. 7.

given was clearly erroneous. It gave the statute precedence over the constitution."

Instructions Nos. 10,[4] 9 [5] and 8 [6] expressly detailed the law as contended for by appellant; consequently all instructions read together, as the jury was admonished to do by Instruction No. 15,[7] fully conform to appellant's contention—thus, Instruction No. 7 as being one of the series, was correct.

■ Appellant's requested Instructions Nos. 3, 8 and 10 were fully and substantially covered by the instructions given.

■ Appellant cites in support of requested Instruction No. 5 [8] Spurrier et al.

[4] "You are instructed that even though you may believe from the evidence that water percolating or seeping from other sources than that of defendant's canal or plaintiff's own ditches have contributed to the conditions of plaintiff's lands and injuries to his crops, if any, that this fact would not excuse the defendant, if you further find from a preponderance of the evidence, defendant was, under the instructions of the Court, negligent, and if you should also believe that water escaping from defendant's canal also contributed to such injuries, it will then be your duty as jurors, to determine from all the facts and circumstances in this case to what extent, if any, the water from defendant's canal was the proximate cause of such injuries and find your verdict accordingly." Instruction No. 10.

[5] "The owner of an irrigation ditch is not liable for damages caused by the seepage of water therefrom in the absence of negligence. This negligence on the part of the owner of the ditch must be established by plaintiff before he can recover, and the burden of proof is upon the plaintiff to so establish such fact; and in this connection I further instruct you that the mere fact of seepage from a ditch is not evidence of negligence on the part of the ditch owner. Negligence in this case consists of the ditch owner

failing to perform such acts as an ordinarily prudent man would perform under all the circumstances and conditions of this particular case." Instruction No. 9.

[6] "You are instructed that even if you should find from the evidence that the defendant was guilty of acts of negligence, that the plaintiff cannot recover herein unless you further find from the evidence that the negligent acts, if any committed, were the proximate cause of the damages. Proximate cause means the cause which in natural and continuous sequence, unaccompanied by any intervening cause, produces the injury, and without which the result would not have accrued." Instruction No. 8.

[7] "You are instructed, Gentlemen of the Jury, that these instructions are to be considered by you as a whole as the law of this case. That is—you are not to single out any one or some particular instruction as determining the legal aspect of the matter, but you should take all of the instructions together and as a whole, and apply the law therein contained to the facts as you in your consideration of the evidence find them to be." Instruction No. 15.

[8] "You are instructed that if the plaintiff by his own acts made possible the conditions which resulted in the damage complained of, that is to say, maintained

538

v. Mitchell Irrig. Dist., 119 Neb. 401, 229 N.W. 273, 74 A.L.R. 884, which merely held there was no allegation or proof of the negligence by the Irrigation District shown to be charged with liability, and recognized that the owner of the land has the legal right to irrigate his land. Contributory negligence was not alleged as a defense. Section 5-816, I.C.A.

It was not contributory negligence for plaintiff to use his decreed and purchased water to irrigate his land, as he could not be compelled to wait and rely upon waste or overflow water from some other source to supply his needs. True, if he had not irrigated, there perhaps would not have been too much water on the land, but as long as he was not using an excessive amount, and that was presented to and passed on by the jury, he was within his rights and was not guilty of negligence. Shields v. Orr Extension Ditch Co., Nev., supra.

The court, therefore, did not err in refusing to give the requested instruction.

■ Requested Instruction No. 9 is incorrect because custom or usage does not determine ordinary care, but the standard is what a reasonably prudent man under like circumstances would do. The balance of the instruction attempting to confine the

consideration of the jury to conditions in the Wood River Valley was, if in point, sufficiently covered by the instructions given.

■ Requested Instruction No. 11 was incorrect as partially invading the province of the jury by stating a fact under the guise of a proposition of law and was properly rejected.

■ Appellant offered in evidence a memorandum kept by the Water Master of the canal for 1941 to refresh the recollection of his father as to when water was turned in and out of the canal that year. The exhibit was not properly authenticated for this purpose, but in any event there was no error, because the witness subsequently testified without objection, as to when water was turned in and out.

Appellant urged that mere leaking and seepage from a ditch are not proof of negligence, citing Shields v. Orr Extension Ditch Co., Neb., Paolini v. Fresno Canal & Irrigation Co., Cal., supra.

Respondent did not rely upon mere seepage or leakage to show negligence, but showed the defective conditions of the canal and why they were due to negligence and how they could be remedied.

an irrigation ditch of his own, which built up the ground water table under his own land, and if the maintenance and operation of plaintiff's own ditch and seepage therefrom contributed to the damage complained of, and such damage resulted in part from the operation and maintenance of plaintiff's own ditch, he cannot recover from the defendant, but that your verdict must be for the defendant and against the plaintiff." Requested Instruction No. 5.

Shields v. Orr Extension Ditch Co., supra, citing McCarty v. Boise City Canal Company, 2 Idaho 245, 10 P. 623, stated [23 Nev. 349, 47 P. 195]:

"The court was asked to instruct the jury that, if the injury was caused solely by seepage, filtering, or percolation, defendant *was not liable.*" (Emphasis ours.)

The court did not so instruct, which action was upheld by affirmance, the court stating:

"All of the testimony showed that the seepage of water from defendant's ditch was the cause of the damage."

Thus, the court rejected the theory that mere seepage was not negligence.

Likewise, in Paolini v. Fresno Canal & Irrigation Co., supra, the trial court held seepage alone was not sufficient, but was reversed by the appellate court thus [9 Cal. App. 1, 97 P. 1133]:

"We do not think there is any rule of law, or any case, holding that injury to land by seepage or percolation is, under all circumstances, *damnum absque injuria.* There may be as direct damage by this means as by overflowing the banks of a ditch, and the law will as readily redress injury resulting from the one cause as from the other when the facts satisfactorily locate the cause."

Judgment is *affirmed.* Costs awarded to respondent.

BUDGE, C. J., and HOLDEN, MILLER, and HYATT, JJ. concur.

