(December 3, 1896.)

## ARAVE v. IDAHO CANAL COMPANY.

[46 Pac. 1024.]

CONSTRUCTION OF CANAL OVER ANOTHER'S LAND—LIABLE FOR DAMAGES.—One erecting or maintaining a canal along the line of another's land is liable for any damage resulting from a want of proper care in the management of the same, or for want of proper care in its construction.

(Syllabus by the court.)

APPEAL from District Court, Bingham County.

Reeves & Terrell, for Appellant.

This action was commenced by respondent seeking to have the embankments of a certain canal owned and operated by the appellant declared to be a nuisance because it obstructed the flow of surface water, and caused the same to be dammed, and to form a pool about his premises; and to have such nuisance abated and for his damages resulting from the flooding of his premises, caused by such embankment. If appellant raised an embankment upon its right of way which prevented the surface water, falling and running upon the land of respondent, from flowing off his said land, and caused it to accumulate thereon, gave the respondent no cause of action against the appellant, unless it was found that appellant had obstructed a natural watercourse. (*Chicago K. & N. Ry. Co. v. Steck,* 51 Kan. 737, 33 Pac. 601; *Kansas City E. B. Co. v. Riley,* 33 Kan. 374, 6 Pac. 581; *Morrisy v. Chicago B. & Q. Ry.,* 38

Neb. 406, 56 N. W. 946; *Gibbs v. Williams,* 25 Kan. 214, 37 Am. Rep. 241; *Yazoo & M. V. Ry. Co. v. Davis,* 73 Miss. 678, 55 Am. St. Rep. 562, 19 South. 487.)

F. S. Dietrich, for Respondent.

In constructing its canal appellant practically erected a dam reaching from the foothills on the south to the higher land north of Sand creek, with no outlet or passage, except one wholly inadequate for the natural flow of Sand creek, in the channel of that stream. The flow of 1894 was unusual; nothing quite as great since 1887; almost as great in 1893. Dammed in, as plaintiff was, with a little water coming in upon him from every direction, slightly unusual weather conditions would produce extraordinary depth of water near his house. But the defendant made absolutely no provision. Economy of construction forbade. Had provision been made for the commonest flow of water, thus relieving, plaintiff could have protected against great damage. (*Ohio etc. R. R. Co. v. Ramey,* 139 Ill. 9, 28 N. E. 1087, 32 Am. St. Rep. 176, and note; *De Baker v. Southern Cal. Ry. Co.,* 106 Cal. 257, 39 Pac. 610, 46 Am. St. Rep. 237, last syllabus; also instruction No. 13, p. 239; *Learned v. Castle,* 78 Cal. 454, 18 Pac. 872, 21 Pac. 11; *Kansas City v. Slangstrom,* 53 Kan. 431, 36 Pac. 708; *Montgomery v. Locke* (Cal.), 11 Pac. 874; *Richardson v. Kier,* 34 Cal. 63, 91 Am. Dec. 681, 37 Cal. 263; *McCarty v. Boise City Canal Co.,* 2 Idaho, 245, 10 Pac. 623; *Earl v. De Hart,* 12 N. J. Eq. 280, 72 Am. Dec. 395; *Wharton v. Stevens,* 84 Iowa, 107, 35 Am. St. Rep. 296; Black's Pomeroy on Water Rights, sec. 66, and notes.)

HUSTON, J.—The plaintiff in the spring of 1894 was, and for many years prior thereto had been, the owner and in the possession and occupancy of the northwest quarter of section 29, township 1 north, of range 38 east, of the Boise meridian, in the county of Bingham, state of Idaho, and had made valuable improvements thereon in the way of houses, barns, outhouses, fences, etc., and was at the date last mentioned using and occupying said premises as a home for himself and family. About the year 1890, the defendant corporation constructed a large

canal, running along the westerly side of the plaintiff's said homestead, and adjacent thereto, and, in the construction of said canal, built and erected high embankments along the line of and as a part of, said canal, and put a flume across and obstructed the channel of Sand creek, a natural watercourse runing along the ——— line of plaintiff's said homestead. Plaintiff's said land slopes in the direction of said canal and embankments, and the water from rains and the melting snows upon plaintiff's said land and the foothills lying contiguous thereto all flows across plaintiff's said land toward said embankments, and before the construction of said canal said water all naturally flowed off from plaintiff's land without damage thereto, and did not stand thereon. Plaintiff claims that, by reason of the erection of said canal and embankments without proper means, as by gates or other appliances, to prevent such a result, the water which would, and before the construction of said canal did, flow off from the said lands of the plaintiff, was, by reason and on account of the construction of said canal of the defendant as aforesaid, dammed and backed up, upon the land of plaintiff, to the extent of flooding his dwelling-house, barns, outhouses, and granary, and destroying a large amount of property, to wit, hay, seeds, grain, and fruit, and greatly damaging his house and household furniture, etc.; and he claims damages therefor to the amount of $1,750, and prays judgment therefor, and that the defendant be perpetually restrained and enjoined from maintaining said canal, etc. The defendant admits ownership of land in plaintiff and construction of canal by defendant, and denies damage, or, if any resulted, it was attributable to the extraordinary character of the season, and not to any wrongful act or neglect of defendant. Trial was had before the court with a jury, and resulted in a verdict in favor of plaintiff for the sum of $370, upon which, after filing certain findings of its own, the court entered judgment, in favor of plaintiff and against the defendant, for said sum of $370 and costs, and also entered a decree that the defendant do so change that portion of its said canal "lying and being on the westerly side of and adjacent to plaintiff's farm or homestead as to afford a passage or passages, outlet or outlets, for waters gathering or flowing upon the lands

lying easterly from and adjacent to said portion of said canal, sufficient to allow such water to flow and pass off from said lands." From this judgment the defendant appeals, and also from the order denying motion for new trial.

Much of appellant's brief is taken up with a discussion of the evidence in the case. We think the verdict of the jury and the findings of the court are fully sustained by the evidence. In fact, there is little or no conflict in the evidence upon any material issue. Appellant's contention that plaintiff was guilty of contributory negligence in erecting his house and other improvements where they were liable to be damaged by the canal of defendant, subsequently constructed, is not maintainable; nor is the appellant's position strengthened by the fact that there was a small irrigating ditch, on the line where defendant's canal was constructed, at the time plaintiff built his house and other buildings. The maxim, "So use your own property as not to injure the rights of another," applies as well to corporations as to individuals. Appellant's claim that the corporation defendant is not called upon to consider or respect the rights of settlers along the line of its canal, who have made such settlement subsequent to the location of the canal, is not only unsupported by law, but is repugnant to every principle of equity and good conscience. The judgment of the district court is affirmed, with costs.

Morgan, C. J., and Sullivan, J., concur.