## BEAUCHAMP, Respondent, v. TAYLOR et al., Appellants.

### St. Louis Court of Appeals, June 4, 1908.

1. **NUISANCE: Surface Water.** The owner of land may improve the same by obstructing or diverting surface water, provided he does not do so in a reckless or negligent manner, and may change the flow of surface water so as to increase or diminish the quantity of such water which previously flowed upon the land of an adjoining proprietor to the latter's injury, without being liable in damages.

2. **Purchaser With Knowledge.** While a purchaser of land can not sue and recover for damages caused by the erection of a nuisance before his purchase, he can recover damages for its maintenance after his purchase.

Appeal from Pike Circuit Court.—*Hon. David H. Eby,* Judge.

REVERSED AND REMANDED.

*Dempsey & McGinnis* and *Ball & Sparrow* for appellants.

(1)   There is no denial of the fact that respondent knew when he bought the "Shipp" forty-acre tract that the levee in controversy was there.   He admits it.   The levee was built in 1897; respondent did not purchase until 1900.   He, therefore, took the land with all the encumbrances thereon, and with the levee constructed upon the land in the condition in which it was at the time of the purchase.   North Vernon v. Voegles, 103 Ind. 314; Stodghill v. Railroad, 53 Iowa 341; Railroad v. Maher, 91 Ill. 312; Clark's Admr. v. Railroad, 36 Mo. 202; Railroad v. Gayton, 93 N. W. 163, 67 Neb. 263; Lampman v. Milks, 21 N. Y. 505.   (2)   The common law doctrine, and not that of the civil law, as to surface water prevails in Missouri.   Abbott v. Railroad,

83 Mo. 285; M'cCormick v. Railroad, 57 Mo. 437; Jones v. Hannoran, 55 Mo. 462; Benson v. Railroad, 78 Mo. 504; Collier v. Railroad, 48 Mo. App. 398; Moss v. Railroad, 85 Mo. 86; Dunham v. Joyce, 129 Mo. 5; Stewart v. Clinton, 79 Mo. 603; Schneider v. Railroad, 29 Mo. App. 68.

*Frank J. Duvall* and *J. D. Hostetter* for respondent.

(1)    "Any obstruction of the flow of the water in a natural watercourse, resulting in injury to another person, furnishes such person a right of action, however careful the obstruction may have been made." Edwards v. Railroad, 97 Mo. App. 103.    A spring for its source, sides or banks as deep as five feet, a well-defined channel and bed, water flowing in it at least nine months in the year, draining from twelve hundred to fifteen hundred acres of land, and discharging its waters into a very large watercourse (Ramsey creek), is surely a watercourse, under the decisions of this State.    Benson v. Railroad, 78 Mo. 514; Jones v. Railroad, 18 Mo. App. 251.    It was at least a question of fact for the jury.    Webb v. Carter, 121 Mo. App. 147.    (2)    The general doctrine that surface water is a common enemy, against which a land owner may lawfully protect himself is adhered to, but with the modification that in doing so, he must exercise such right in a careful and prudent manner and with due regard to the rights and interests of his neighbor.    In other words the principle of the golden rule is applied.    Goettentroetter v. Kappleman, 88 Mo. App. 449; s. c. 83 Mo. App. 290.    In these two cases it is expressly held that where a dam obstructs surface water, and causes it to collect and accumulate on the land of an adjoining proprietor, and such proprietor can not protect himself at a reasonable cost then such "dam is an unlawful structure" and the person who maintains it can be held to respond for the

damages occasioned thereby.    Cox v. Railroad, 174
Mo. 588.

STATEMENT.—Plaintiff purchased from W. T.
Shipp, the north quarter of the southeast quarter of sec-
tion 14, township 52, range one east, in Pike county,
Missouri.    The tract is one-half mile long east and west
by one-eighth of a mile wide north and south.    The
east end of the tract adjoined defendants' lands.    Both
tracts are low or bottom land, defendants' land being
lower than plaintiff's.    Plaintiff's tract (forty acres)
is fringed along the south side by a bluff and on the
north end by a ridge.    The general slope of the country
about it is west to east, and water falling upon and
running through plaintiff's land, flowed onto defend-
ants'.    A spring known as Cooper's Spring, has its
source in the hills west of plaintiff's land, and for
some distance the waters from the spring have a well-
defined channel into which other waters from the adja-
cent lands find their way and flow eastwardly onto and
through plaintiff's land and the adjoining lands of de-
fendants.    The evidence is contradictory as to whether
the channel of the spring branch extended to and into
plaintiff's land.    Plaintiff's evidence tends to show that
it did until it was obstructed in the manner to be stated
below.    Defendants' evidence tends to show that a low
swamp or swale set in before the spring branch reached
plaintiff's land; that the swale ran through both the
land of plaintiff and that of defendants, and before the
spring branch reached plaintiff's land, it lost its chan-
nel and the water spread out over the swale and either
stood there, or, if sufficient in quantity, ran on down
the swale into other channels and finally emptied into
the Mississippi river.    In 1897, defendants built a levee
between their land and plaintiff's which dammed up
the water flowing from the spring branch and caused
it to back up over a portion of plaintiff's forty-acre tract.

The levee was built without the consent of Shipp, the then owner of the land. Later on, a portion of the levee was washed out and it was repaired and built higher by defendants without Shipp's consent and seemingly against his protest. In 1902 and 1903, plaintiff planted the swale on his land in corn but lost both crops on account of water which the levee caused to back up and stand on the land. He alleges that ten acres of corn were so destroyed in each of said years, and the action is to recover the consequential damages. The jury awarded him damages in the sum of $1.00. Defendants appealed.

BLAND, P. J. (after stating the facts).—1. It is well-settled law in this State that the owner of lower or servient ground may, if he chooses, lawfully obstruct or divert the natural flow of surface water, may turn it back, or off, or over the lands of other proprietors, without liability for such obstruction. [Applegate v. Franklin, 109 Mo. App. 293, 84 S. W. 347, and cases cited.] On the other hand, it is equally well settled that any obstruction to the flow of water in a natural watercourse, resulting in injury to another person, furnishes a good cause of action for the resulting damages, however carefully the obstruction may have been made. [Webb v. Carter, 121 Mo. App. l. c. 155, 98 S. W. 776; Edwards v. Railroad, 97 Mo. App. 103, 71 S. W. 366.] Both of these legal propositions were properly defined by instructions given to the jury, and the court also properly defined by instructions what constitutes a watercourse and what is surface water in legal acceptance of these terms.

Plaintiff offered evidence tending to show that he could not protect himself from the water caused to be backed upon his land by the levee. Defendant offered evidence tending to show that he could, at an expense of from $15 to $30, have drained the back water off

his land.    On this evidence, the court gave instructions asked by both parties, to the effect that if plaintiff could not have protected himself from damage by draining the water off his land at a reasonable expense, he was entitled to recover; but was not entitled to recover if he could have drained the water off at a reasonable expense.    Both parties adopted this theory of law of the case and are concluded thereby.

Instruction number 8 instructed the jury as follows, to which defendant saved an exception:

"The court instructs the jury that even though you find from the evidence in the cause that the waters which collected on plaintiff's land west of and adjacent to the levee in controversy, if any, were surface waters, and even though you should further find that there was and is no natural watercourse extending through the low lands on plaintiff's tract across the division line between plaintiff's said tract and defendants' lands into defendants' lands, still if you further find that said levee caused the waters during 1902 and 1903 to accumulate on plaintiff's land and damage his crops for said years, then your verdict must be for the plaintiff, if you further find that plaintiff could not have, at a reasonable cost, drained said waters off from such overflowed area."

While the owner of land may improve the same by obstructing or diverting surface water, he may not do so in a reckless manner, resulting in injury to another.    [Cox v. Railroad, 174 Mo. 588, 74 S. W. 854; Webb v. Carter, 121 Mo. App. 1. c. 154.]    The instruction, however, does not predicate plaintiff's right to recover on the theory that defendants recklessly obstructed the surface water, resulting in injury to plaintiff, but authorizes a recovery if defendants obstructed it at all, however careful he may have been in doing so. In McCormick v. Railroad, 57 Mo. 1. c. 437, the Supreme Court said:    "The general rule, however, is that

either municipal corporations or private persons may so occupy and improve their land, and use it for such purposes as they may see fit, either by grading or filling up low places, or by erecting buildings thereon, or by making any other improvement thereon, to make it fit for cultivation or other profitable or desirable enjoyment; and it makes no difference that the effect of such improvement is to change the flow of the surface water accumulating or falling on the surrounding country, so as to either increase or diminish the quantity of such water, which had previously flowed upon the land of the adjoining proprietors to their inconvenience or injury." The instruction as to surface water is diametrically opposed to this rule and is therefore erroneous.

2. Defendants demurred to the evidence and here insist that their demurrer should have been given. Their contention is that plaintiff purchased the land with knowledge that defendants had constructed and were maintaining the levee and therefore purchased it burthened with the levee. If the levee was not a lawful structure, that is, if it obstructed the flow of water in a natural channel, it was a nuisance, and while plaintiff cannot sue and recover for the erection of the nuisance, he is clearly entitled to recover any damage he may have sustained by reason of its maintenance.

The judgment is reversed and the cause remanded. All concur.