## NELSON v. CASEY et al.

(First Division. Juneau. October 2, 1920.)

No. 1877–A.

**Waters and Water Courses** 171 (2)—**Canals—Levees—Pleadings—Damages.**

> The defendants were the owners of a platted townsite addition to the city of Juneau. In 1914 they raised embankments of earth and log cribbing along and created an artificial channel for Gold creek, flowing across the addition, to divert it from its natural course. In 1915 the plaintiff purchased lots from the defendants in the addition near the new artificial channel. In 1918 an unusual flood caused the creek to overflow, and the artificial embankments and cribbing erected by the defendants threw the current of the creek against plaintiff's property and washed away and destroyed his houses. On demurrer to plaintiff's complaint, *held*, since the complaint does not allege that the defendants made any change in or repair upon the artificial channel or its embankments or cribbing subsequent to the purchase of his lots and the destruction of the houses thereon by the flood of 1918, it does not state facts sufficient to constitute a cause of action against the defendants.

Reversed [C. C. A.] 279 Fed. 100.

John Rustgard, of Juneau, for plaintiff.

H. L. Faulkner, of Juneau, for defendants.

JENNINGS, District Judge. The complaint in this case alleges: (1) That on and at all times since the 4th day of October, 1915, plaintiff has been the owner of certain property in what is known as the Casey-Shattuck addition to the city of Juneau; (2) that during the year 1914 the defendants, "for their own benefit and for their own purposes," changed the course of Gold creek, thereby causing said creek to flow adjacent to the said lots of the plaintiff; (3) that said change was accomplished by the building of an artificial channel for said Gold creek, which said artificial channel was negligently constructed and of insufficient capacity; (4) that on the 26th day of September, 1918, a downpour of rain occurred which caused a freshet in said Gold creek, and "that then and there, by reason of the negligent and wrongful acts of defendants above set out, the waters in said stream were pre-

vented from spreading freely in a southwesterly direction, and were forced up against the said artificial and inadequate embankments adjacent to plaintiff's said lots and northerly therefrom, which embankments, by reason of said weakness and inadequacy, gave way under the force of said waters, which latter then and there necessarily, by reason of defendants' wrongful acts above described, washed away both of plaintiff's said houses," and did the damage sued for in the complaint.

To this complaint a demurrer was introduced, on the grounds that the said complaint did not state facts sufficient to constitute a cause of action. The demurrant makes the point that, as it appears from said complaint that the embankments were erected in the year 1914, and as defendant did not purchase her property until October, 1915, and as it further appears that the damage was not done until 1918, and as there is no allegation whatsoever that after the course of the creek was changed by the embankments so alleged to have been erected the defendants did anything whatsoever towards the operation, repair, or maintenance of the same, the complaint states no facts upon which a liability could be predicated.

It would seem that the point is well taken. For aught that appears in the complaint, the defendants may in the year 1914 have changed the course of the creek for purposes of their own, and those purposes may have been accomplished, and the defendants have lost all interest in the creek or any property adjacent thereto, or to be benefited thereby. Surely they would not be liable forever afterwards, because on a certain date they changed the course of a creek. It seems to me that they would be liable only during such time as they were maintaining the obstructions complained of.

Plaintiff, as meeting this contention of the demurrant, cites the case of Arave v. Idaho Canal Co., 5 Idaho, 68, 46 Pac. 1024. A casual examination of that case will show that it was a suit for damages caused by an obstruction, coupled with a prayer for an injunction "that the defendant be perpetually restrained and enjoined from maintaining said canal." Manifestly, then, there must have been an allegation in the complaint that the plaintiffs not only had maintained the canal complained of, but were still maintaining it. Counsel calls attention to the following language in the decision:

·"Appellant's claim that the corporation defendant is not called upon to consider or respect the rights of settlers along the line of its canal, who have made such settlement subsequent to the location of the canal, is not only unsupported by law, but is repugnant to every principle of equity and good conscience."

The doctrine there announced may be fully conceded, and yet such language is very far from declaring that a company or person which has not "maintained" an obstruction is liable to settlers along that canal.

The case of Free v. Parr Shoals Power Co., 111 S. C. 192, 97 S. E. 243, is also cited by counsel for the plaintiff. An examination of that case shows that it was alleged in the complaint "that the defendant was negligent in the construction *and operation* of said dam."

The case of Beauchamp v. Taylor, 132 Mo. App. 92, 111 S. W. 609, is also relied upon by counsel for plaintiff, but it seems to me that that case is an authority more against the plaintiff than in her favor, for it is said in the opinion:

"Defendants demurred to the evidence, and here insist that their demurrer should have been given. Their contention is that plaintiff purchased the land with knowledge that defendants had constructed and were maintaining the levee, and therefore purchased it burdened with the levee. If the levee was not a lawful structure —that is, if it obstructed the flow of water in a natural channel— it was a nuisance, and, while plaintiff cannot sue and recover for the erection of the nuisance, he is clearly entitled to recover any damage he may have sustained *by reason of its maintenance.*"

The statement of facts of the case shows that the plaintiff alleged that at the time of the injury the defendants in the case were still maintaining the levee.

If the defendants can be said to have been maintaining, at the time of the injury, the obstructions which are alleged to have caused the injury, it will be very easy to insert in the complaint a statement to that effect; but in the absence of such statement I do not think the complaint states facts sufficient.

The demurrer, therefore, will be sustained, with leave to the plaintiff to amend her complaint.