### NELSON v. CASEY et al.

(Circuit Court of Appeals, Ninth Circuit. January 9, 1922.)

No. 3698.

Waters and water courses ☞176—Damage caused by negligent construction of waterway held recoverable by subsequent purchaser of property injured.

 Defendants, who diverted a stream, which was subject to overflows, into an artificial channel, reinforced by bulkheads, along which they platted and sold lots, but who so negligently constructed and maintained the bulkheads that in flood time the water broke through and injured plaintiff's premises, *held* liable for the damage, though plaintiff bought and improved the property after the channel was made.

In Error to the District Court of the United States for Division No. 1 of the District of Alaska; Robert W. Jennings, Judge.

Action at law by Johanna Nelson against W. W. Casey and others. Judgment for defendants, and plaintiff brings error. Reversed.

 Plaintiff in error seeks a reversal of judgment dismissing her complaint for damages to her lots in Juneau, Alaska. The following facts are pleaded: Gold creek. near Juneau, is a mountain stream, so situated that heavy rains periodically caused sudden freshets, but until the course of the creek was obstructed and changed, in the event of freshets, the water spread out and flowed away from the plaintiff's lots. In 1914, before plaintiff bought her property, the defendants, for purposes of their own, changed the course of the creek below the mountain gorge, with the result that the creek flowed adjacent to the lots of the plaintiff, and defendants undertook by means of bulkheads to confine the course of the creek to a channel too narrow and too shallow to convey the water which might and would flow through the stream during the periods of rain and freshets. It is charged that the embankments were negligently constructed by defendants, and were too weak to resist the force of the water which would probably come down the channel during heavy rains, such as occur in and about Juneau. When plaintiff bought, and afterwards, she was ignorant of the change in the course of the stream, and also of the fact that, prior to the erection and maintenance of the obstruction and embankments, the natural course of the stream was at different places, and that during freshets the stream naturally spread over a large area, and flowed through several channels, and was also *ignorant of the negligent method of construction of the artificial embankments, and of the danger to which her property and family were subjected.* Before and after the turning of the channel of the stream, defendants platted the premises on both sides of the new channel, and dedicated the streets to the public use, and sold lots, and plaintiff bought her property, assuming that the bulkheads were adequate. In September, 1918, a great downpour of rain caused a freshet, and as the waters were prevented from spreading they were forced up against the inadequate embankments, which gave way, and plaintiff's property was damaged.

Roden & Dawes, of Juneau, Alaska, for plaintiff in error.

H. L. Faulkner, of Juneau, Alaska, and Lyons & Orton, of Seattle, Wash., for defendants in error.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before GILBERT and HUNT, Circuit Judges, and WOLVER-TON, District Judge.

HUNT, Circuit Judge (after stating the facts as above). The gravamen of the present action is not founded in contract at all, but in negligence on the part of the defendants in respect to the dam and bulkheads and maintenance thereof. City Water Co. v. Fergus Falls, 113 Minn. 33, 128 N. W. 817, 32 L. R. A. (N. S.) 59, Ann. Cas. 1912A, 108. In Free v. Parr Shoals Pwr. Co., 111 S. C. 192, 97 S. E. 243, in an action for damages to land through the negligence of the defendant in the construction of a dam, one of the defenses interposed was that the defendant had been given a right to construct a dam across a certain river, and that plaintiff had purchased his lands subject to such right, but the court held that, while plaintiff could not recover for damages resulting from the erection of the dam, provided due care was exercised in its construction, yet defendant had no right to construct the dam in a negligent manner. In the Salton Sea Cases, 172 Fed. 792, 97 C. C. A. 214, where a diversion of a river was made by the defendant and made in such a negligent manner that it resulted in the injury complained of, it was held that it was the duty of the defendant to maintain proper control of the water at its headgates. Kinney's Law of Irrigation, § 314. In Hoffman et al. v. Tuolumne County Water Co., 10 Cal. 413, the action was to recover damages for the breaking of defendant's dam and flooding plaintiff's mining claim. The court said that the general rule is:

"That every man may do as he chooses with his own property, provided he does not injure another's; but there is another rule as well established, which is, that a man must so use his own property as not to injure his neighbor's." Angell on Water Courses, § 336; Everett et al. v. Hydraulic Flume Tunnel Co., 23 Cal. 225; Kinney on Irrigation & Wtr. Rights (2d Ed.) p. 3075.

In Arave v. Idaho Canal Co., 5 Idaho, 68, 46 Pac. 1024, a large canal was built by the defendant and high embankments erected close to the homestead of the plaintiff, and the channel of the creek running along the line of plaintiff's homestead was obstructed. It was alleged that waters which had flowed away before the construction were by reason of the construction backed up upon the land of the plaintiff to his damage. The plaintiff settled along the line of the canal subsequent to the location thereof by the defendant. Defendant contended that it was not called upon to consider the rights of those along the line of its canal, where settlements were made subsequent to the location of the canal, but the court overruled the point, as "repugnant to every principle of equity and good conscience." Gould on Waters, § 232.

In McDonald v. Snelling, 14 Allen (Mass.) 290, 92 Am. Dec. 768, the court said:

"Where a right or duty is created wholly by contract it can only be enforced between the contracting parties; but where the defendant has violated a duty imposed upon him by the common law, it seems just and reasonable that he should be held liable to every person injured, whose injury is the natural and probable consequence of the misconduct. In our opinion this is the well established and ancient doctrine of the common law, and such a liability ex-

tends to consequential injuries, by whomsoever sustained, so long as they are of a character likely to follow, and which might reasonably have been anticipated as the natural and probable result under ordinary circumstances of the wrongful act. The damage is not too remote if according to the usual experience of mankind the result was to be expected." Cooley on Torts (3d Ed.) p. 1185; Pollock on Torts (8th Ed.) p. 484.

The duty which devolved upon the defendants was not that of insurance, but was to use reasonable care to construct the bulkheads of sufficient strength to resist waters which ought reasonably to be anticipated as likely to come down the creek, and to use reasonable care to maintain the bulkheads of sufficient strength to resist such waters. Bell v. McClintock, 9 Watts (Pa.) 119, 34 Am. Dec. 507; Thomas v. Winchester, 6 N. Y. 397, 57 Am. Dec. 455; Devlin v. Smith, 89 N. Y. 470, 42 Am. Rep. 311; Godley v. Hagerty, 20 Pa. 387, 59 Am. Dec. 731.

The negligent damming or collection of water or the careless obstruction of a flow of water, where if the obstruction should give away the lives and property of people will be in great peril, is an act of such danger that the person guilty of such negligence is liable to the party injured, irrespective of any contract between them. The principle is referred to in Savings Bank v. Ward, 100 U. S. 195, 25 L. Ed. 621, though not therein applicable.

The case appears to be one where answer is required. Judgment reversed, with directions to require defendants to answer.

Reversed.

GILBERT, Circuit Judge, and WOLVERTON, District Judge (concurring). While there is authority to sustain the ruling of the court below, that if at the time when the plaintiffs purchased their lots the defendants had accomplished the purpose for which they changed the course of the creek, and had lost all interest in the creek and in any property adjacent thereto, and were no longer maintaining the obstructions complained of, they would not be liable for damages to the plaintiffs (Blunt v. Aikin, 15 Wend. [N. Y.] 522, 30 Am. Dec. 72; Curtin v. Somerset, 140 Pa. 70, 21 Atl. 244, 12 L. R. A. 322, 23 Am. St. Rep. 220; Daugherty v. Herzog, 145 Ind. 255, 44 N. E. 457, 32 L. R. A. 837, 57 Am. St. Rep. 204), we think that the court took an erroneous view of the allegations of the complaint, and that the complaint does distinctly show that the defendants were maintaining the obstructions complained of at the time when the plaintiffs sustained their injuries. It alleges that at the time of turning the channel of the stream and the erection of embankments and bulkheads thereon, the defendants surveyed and platted lands on both sides of the new channel, laid them out into building lots and streets, and were still selling the lots and offering them for sale up to the time of the damage to the plaintiffs' property. These allegations sufficiently set forth maintenance of the new channel and the bulkheads and embankments by the defendants, from which necessarily follows their liability for damages in view of the other allegations of the complaint.