(March 3, 1923.)

NAMPA & MERIDIAN IRRIGATION DISTRICT, Respondent, v. J. G. PETRIE et al., Appellants.

[223 Pac. 531.]

IRRIGATION—UNDERGROUND SEEPAGE WATERS—LOWERING OF WATER-TABLE BY DRAINAGE—LIABILITY ON ACCOUNT OF—CONSTRUCTION OF DRAINAGE SYSTEM BY IRRIGATION DISTRICT—ASSESSMENT FOR BENEFITS—ASSESSMENT BASED ON FLAT RATE—VALIDITY OF.

1. One who has been using underground seepage waters for irrigation has no right to insist as against a drainage district that the water-table be maintained at the existing level.

2. If the water-table of underground seepage waters is lowered by the operation of a drainage system constructed by a drainage district, one who has been using that water for irrigation cannot

recover damages from the drainage district because of the lowering of the water-table.

3. Where a land owner within an irrigation district has an old water right, and the district provides an additional right for him by virtue of a contract with the United States government, he cannot be compelled to use the old water right on part of his land and the additional right on another part, but he may use the combined water right on any or all of his land within the district.

4. Where an irrigation district, organized under the irrigation district law has constructed a drainage system in connection with its irrigation system, the assessments for both irrigation and drainage must be based upon actual benefits, as provided by the irrigation district law.

5. An assessment for drainage, based on a flat rate, and not upon actual benefits accruing to the land, is invalid.

6. An assessment based on a flat rate per acre can be made only for maintenance and operating expense, and not for the construction of either the irrigation or the drainage system.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Proceeding to confirm assessments made by an irrigation district for the construction of irrigation and drainage works. *Judgment modified.*

Richards & Haga, for Appellant O. O. Haga.

Where property cannot be benefited by a drainage system constructed under a statute which provides that the assessment shall be in proportion to the benefits, as does the irrigation district law under which respondent operates, the property cannot be specifically assessed for such drainage system until it is benefited thereby. (Page & Jones, Taxation by Assessment, secs. 417 and 418, and cases cited; *Waukegan v. Burnett*, 234 Ill. 460, 84 N. E. 1061; *Kansas City v. St. Louis, S. F. R. R. Co.*, 230 Mo. 369, 130 S. W. 273, 28 L. R. A., N. S., 669.)

An assessment levied by an arbitrary standard which requires the burden to be levied upon lands, far from drains and only slightly benefited, equally with those fronting upon

it and greatly benefited, is not just and equal or in proportion to benefits, and is unconstitutional. (*Thomas v. Gaines,* 35 Mich. 155, 24 Am. Rep. 535.)

A special assessment is *prima facie* invalid which casts upon abutting property the cost of an improvement without reference to the benefits received. (Willoughby on the Constitution, 939; *Norwood v. Baker,* 172 U. S. 269, 19 Sup. Ct. 187, 43 L. ed. 443; *Union Refrig. Transit Co. v. Kentucky,* 199 U. S. 194, 4 Ann. Cas. 493, 26 Sup. Ct. 36, 50 L. ed. 150.)

Eldridge & Morgan, for certain Appellants.

High dry lands cannot be assessed for drainage in an irrigation district, unless special benefits can be shown as having accrued to said lands. (*Burt v. Farmers' Co-operative Irr. Co.,* 30 Ida. 752, 168 Pac. 1078; *City of Waukegan v. Burnett,* 234 Ill. 460, 84 N. E. 1061; *In re Park Ave. Sewers,* 169 Pa. St. 433, 32 Atl. 574; *State v. City of Elizabeth,* 40 N. J. L. 274; *Kansas City v. St. Louis etc. R. Co.,* 230 Mo. 369, 130 S. W. 273, 28 L. R. A., N. S., 669; *Myles Salt Co. v. Board of Commrs.,* 239 U. S. 478, 36 Sup. Ct. 204, 60 L. ed. 392, L. R. A. 1918E, 190.)

The irrigation district law of this state is founded squarely upon the theory of special benefits, without which there can be no assessments levied against land. (*Knowles v. New Sweden Irr. Dist.,* 16 Ida. 217, 101 Pac. 81.)

H. E. McElroy and B. E. Stoutemyer, for Respondent.

An irrigation district may construct drainage works as a necessary complement of its irrigation system. (*Burt v. Farmers' Co-op. Irr. Co.,* 30 Ida. 752, 168 Pac. 1078; *Bissett v. Pioneer Irr. Dist.,* 21 Ida. 98, 120 Pac. 461; *Pioneer Irr. Dist. v. Stone,* 23 Ida. 344, 130 Pac. 382; *Nampa & Meridian Irr. Dist. v. Petrie,* 28 Ida. 227, 153 Pac. 425; *United States v. Ide,* 277 Fed. 383.)

The determination of the assessing board as to what property is benefited, and the extent of such benefit when made

in accordance with statutory requirements, is conclusive in the absence of fraud or mistake. (*Erickson v. Cass County,* 11 N. D. 494, 92 N. W. 841; *Rogers v. City of St. Paul,* 22 Minn. 494; *Carpenter v. City of St. Paul,* 23 Minn. 232; *Cunningham v. Board,* 27 Minn. 442, 8 N. W. 161; *Wright v. Chicago,* 48 Ill. 287; *Elliott v. Chicago,* 48 Ill. 293; *Lawrence v. Chicago,* 48 Ill. 292; *Shattuck v. Smith,* 6 N. D. 56, 69 N. W. 5; *Colburn v. Wilson,* 24 Ida. 94, 132 Pac. 579.)

In apportioning the cost of irrigation to the various tracts of land in any irrigation project, the entire irrigation system which includes the drainage system as a part or complement thereof must be considered as a unit and apportioned to all the lands irrigated therefrom at an equal rate per acre. (*Niday v. Barker,* 16 Ida. 73, 101 Pac. 254.)

"Should the district court find that by reason of the application of water under the contract, the value of the land is increased and the owner is thereby benefited, no wrong can result to him by reason of the assessment of such benefits." (*Nampa & Meridian Irr. Dist. v. Petrie, supra.*)

Where it is necessary to determine the extent of the benefit of any special improvement, such as sewers, sidewalks, paving or irrigation, to any particular tract of land, it is not the extent of the use which the owner of such property is likely to make of such improvement that controls the amount of the tax. (*Oregon Short Line v. Pioneer Irr. Dist.,* 16 Ida. 578, 102 Pac. 904; *Union Traction Co. v. City of Chicago,* 204 Ill. 363, 68 N. E. 519; Page & Jones, Taxation by Assessment, par. 653, and cases cited.)

Under the law of this state a water appropriator can acquire a right to a certain amount of water out of a natural stream, but he cannot acquire any vested right to insist that the water surface of a stream remain at the elevation where he found it at the time of his appropriation, so that he may continue a cheap or convenient method of diversion. (*Schodde v. Twin Falls,* 161 Fed. 43, 88 C. C. A. 207; 224 U. S. 107, 32 Sup. Ct. 470, 56 L. ed. 686; *Weymouth*

*v. Lincoln Land Co.*, 277 Fed. 384; *United States v. Ide*, 277 Fed. 373.)

Rice & Bicknell, *Amici Curiae*.

The legislature not having defined the term "benefits" and not having laid down any rules to be followed by the board of directors in apportioning the same has vested in the board of directors a broad discretion as to the advantages and needs which may be considered benefits and as to the method of apportionment. (2 Page & Jones, Taxation by Assessment, sec. 670; *Power v. City of Detroit*, 139 Mich. 30, 5 Ann. Cas. 645, 102 N. W. 288; *Fallbrook Irr. Dist. v. Bradley*, 164 U. S. 112, 17 Sup. Ct. 56, 41 L. ed. 369; *Re Madera Irr. Dist. Bonds*, 92 Cal. 296, 27 Am. St. 106, 28 Pac. 272, 14 L. R. A. 755.)

When the statute does not prescribe any mode of apportionment, the board of directors may adopt any mode that is fair and not unjust. (*Gilmore v. Hentig*, 33 Kan. 156, 5 Pac. 781; *Chicago, R. I. P. R. Y. Co. v. Green*, 4 Kan. App. 133, 46 Pac. 200; *Bassett v. City of New Haven*, 76 Conn. 70, 55 Atl. 579; *Houck v. Little River Drainage Dist.*, 239 U. S. 254, 36 Sup. Ct. 58, 60 L. ed. 266; *Wagner v. Leser*, 239 U. S. 207, 36 Sup. Ct. 222, 60 L. ed. 230; *Sears v. Board of Aldermen*, 173 Mass. 71, 53 N. E. 138, 43 L. R. A. 834.)

Benefits may be indirect as well as direct. (*Oregon S. L. R. Co. v. Pioneer Irr. Dist.*, 16 Ida. 578, 102 Pac. 904; *Colburn v. Wilson*, 24 Ida. 94, 132 Pac. 579.)

The needs, necessities and advantages which the board of directors may consider in apportioning benefits are suggested by the consideration upon which the implied power to construct drainage works by an irrigation district rests. These are: (a) That by such drainage works an additional water supply may be obtained for the irrigation of lands within the district. (b) That the minimum of resultant damage or injury may be caused by use of water for irrigation in order to prevent retarded development and permanent detriment

to the state. (c) That the district may do whatever is necessary in the way of self-preservation. (d) That drainage works constitute the final construction of a complete irrigation system. (*Bissett v. Pioneer Irr. Dist.*, 21 Ida. 98, 120 Pac. 461; *Pioneer Irr. Dist. v. Stone*, 23 Ida. 344, 130 Pac. 382; *Nampa & Meridian Irr. Dist. v. Petrie*, 28 Ida. 227, 153 Pac. 425; *Burt v. Farmers' Co-op. Irr. Co.*, 30 Ida. 752, 168 Pac. 1078; *United States v. Ide*, 277 Fed. 373.)

McCARTHY, J.—Respondent is an irrigation district. Appellants are owners of certain lands of the district. The district entered into a contract with the United States government for three main purposes: (1) to build a drainage system for the district, (2) to furnish full water rights for about 40,000 acres of dry land in the district and (3) to furnish a supplemental supply of stored water from the Arrowrock reservoir to be used upon some lands within the district. The validity of this contract and all proceedings in connection therewith was confirmed by a decree of the district court, affirmed by this court in *Nampa & Meridian Irr. Dist. v. Petrie*, 28 Ida. 227, 153 Pac. 425. Thereafter the board of directors of the district determined the benefits to the several tracts of land from the construction of the irrigation and drainage works and assessed them accordingly. Upon proceedings had in the district court for confirmation of the assessment-roll, certain modifications were made in the findings and assessment-roll, and the apportionment of benefits and assessments as so modified was confirmed. From this decree appellants prosecute this appeal. The principal assignments of error relied upon by J. G. Petrie and other appellants represented by Messrs. Eldridge and Morgan are that the court erred in approving and confirming the apportionment of benefits, (1) because it did not make proper allowance for water rights already owned by the appellants, and, in the case of appellant Blucher, did not make sufficient allowance for damages to his waste water right caused by respondent's irrigation and drainage system,

(2) because appellants were not benefited by the drainage system. The case of appellant Haga is a little different from that of the other appellants. He relies on the second assignment of error mentioned just above, in addition to which he contends that the court erred in deciding that he must use his old water right on certain fractional parts of his land, and the new water right acquired through respondent upon other portions of his land, instead of treating them as one entire water right, and making them appurtenant to the entire farm.

We conclude that the evidence is sufficient to support the finding of the court as to the benefits accruing to the land of all appellants from the water right furnished by the contract in question, and to support the assessment and decree based thereon. If it should be conceded that appellant Blucher's use of the subterranean waters as shown by the evidence gave him a valid water right, nevertheless the additional water right furnished for his land under the contract would be a sufficient benefit to the land to justify the assessment made. We conclude, however, that he had no right to insist the water-table be kept at the existing level in order to permit him to use the underground waters. There is no proof that he secured water from a natural subterranean stream. The evidence tends to show that he secured it from water collected beneath the surface of the ground due to seepage and percolation. To hold that any land owner has a legal right to have such a water-table remain at a given height would absolutely defeat drainage in any case, and is not required by either the letter or spirit of our constitutional and statutory provisions in regard to water rights.

As to the contentions peculiar to the appeal of Mr. Haga we conclude that the court erred in dividing his water right into two parts and making the water procured under the contract in question appurtenant to part of the land, and the old water right appurtenant to the rest. In support of this action of the court respondent relies upon certain lan-

guage used in *Nampa & Meridian Irr. Dist. v. Petrie, supra.*
We do not interpret that decision to have the effect contended for by respondent. In any event we conclude that
the respondent's contention in this regard is not sound.
The court in that case did hold that the Secretary of the
Interior had power to make a regulation that no land owner
under the project should be granted a water right in excess
of the amount necessary to irrigate 160 acres. It does not
follow by any means that the Secretary of the Interior
would have the right to provide that a supplementary water
right, purchased to be used in connection with an existing
water right, should be used exclusively on any one particular 160 acres of an entire tract. Such a provision would be
arbitrary and entirely out of keeping with both the letter
and spirit of our irrigation laws. As to appellant Haga,
the findings and decree must be modified so as to provide
that the supplementary water right furnished him under
the contract, and his pre-existing water right may be used
upon the total acreage of land which he owns within the district or any portion of it.

The most serious question is whether or not the apportionment for benefits and assessment for drainage can be sustained. The assessment for drainage is a flat rate of $7 per
acre on all lands in the district. This was done on the
theory that the cost of the drainage can be charged to operating expense and prorated among the land owners of the
district like any other operating expense. Respondent relies
upon the following decisions of this court: *Bissett v. Pioneer
Irr. Dist.,* 21 Ida. 98, 120 Pac. 461; *Pioneer Irr. Dist. v.
Stone,* 23 Ida. 344, 130 Pac. 382; *Nampa & Meridian Irr.
Dist. v. Petrie,* 28 Ida. 227, 153 Pac. 425. The statement in
the first named case that an irrigation district is under an
obligation to take care of seepage and overflow and protect
the lands is pure *dictum.* If it means that an irrigation district is absolutely liable for injury caused by seepage water
in the absence of negligence on its part, it is squarely in
conflict with the rule long established in this and all the

other arid and semi-arid states, that one who conducts irrigation water through a ditch, or uses it on his land is not liable for injury caused by seepage unless he is negligent in the construction or operation of the ditch, or the use of the water. (*McCarty v. Boise City Canal Co.,* 2 Ida. 245, 10 Pac. 623; *Arave v. Idaho Canal Co.,* 5 Ida. 68, 46 Pac. 1024; *Stuart v. Noble Ditch Co.,* 9 Ida. 765, 76 Pac. 255; *Verheyen v. Dewey,* 27 Ida. 1, 146 Pac. 1116; *Burt v. Farmers' Co-op. Irr. Co.,* 30 Ida. 752, 168 Pac. 1078.) There is no proof and no contention that the district was negligent. In *Pioneer Irr. Dist. v. Stone* and *Nampa & Meridian Irr. Dist. v. Petrie* this court simply held that an irrigation district has the power to contract for the construction of a drainage system under the irrigation district law. There is nothing in the opinions to indicate that the district can charge the cost as an operating expense and make a flat assessment. On the contrary, in *Nampa & Meridian Irr. Dist. v. Petrie,* the court said:

"5. Where a contract is entered into between an irrigation district and the United States, providing, among other things, that arid lands within the jurisdiction of the irrigation district, in order to secure a full water right from a government project, shall be assessed not to exceed $75 per acre, such contract is subject to the laws of this state governing irrigation districts and to the apportionment of benefits thereunder, and the fixed charge to be assessed against the lands of any particular land owner within such irrigation district for such water right will be finally determined by the district court of the judicial district within which said irrigation district is located, as provided by secs. 2400–2403, Rev. Codes.

"6. The same rule and the same procedure, as indicated in paragraph 5, is to be followed in the assessment of benefits with reference to the sale of partial water rights to supplement water rights already existing, and also with reference to the assessment of benefits incident to the construction of a drainage system within an irrigation district."

The opinion makes it perfectly clear that the contract is subject to the laws governing irrigation districts in the assessment of benefits (p. 237). The section of the statute governing the apportionment of benefits and assessment is C. S., sec. 4362, which provides that the assessment must be made in accordance with the benefits which will accrue to each of the tracts or subdivisions from the construction of the works. Respondent had no more right to assess the cost of the drainage system to the lands regardless of benefits than it had to assess the cost of the irrigation system in the same way. The provisions of the statute under which respondent was created and operated compel it to assess the cost according to benefits. This means actual benefits resulting in an increase in the value of the land. There is no contention that the benefits were determined or the assessments made on this basis. As to some of the land, such as that of appellant Haga, there is no showing that it will ever need drainage. In other instances expert testimony is offered to show that the prospective rise in the water-table, expected by reason of past experience, may in the future bring about a condition where the lands will need drainage. It is well settled that an assessment cannot be based upon speculative, future benefits, but must be based upon a present benefit, immediately accruing or demonstrably certain to accrue from the construction of the work. (*State v. City of Elizabeth,* 37 N. J. L. 330; *Re Pequest River Commrs.,* 39 N. J. L. 433; *State v. City of Elizabeth,* 40 N. J. L. 274; *Myles Salt Co.* v. *Board of Commrs.,* 239 U. S. 478, 36 Sup. Ct. 204, 60 L. ed. 392, L. R. A. 1918E, 190.) It is clear that the assessment was not made on the ground of benefits as provided by the statute; in fact, there is no contention that it was. The method admittedly adopted for assessing the land for drainage was clearly in violation of the statute. An assessment of all lands of the district on the basis of a flat rate can be made only for maintenance and operating charges. Such a method of assessment cannot be resorted to in order to pay for the construction of the irrigation or

drainage system. If the land is to be assessed for drainage by the respondent under its present organization, it must be done on the basis of benefits, in strict compliance with the provisions of the irrigation law by virtue of which respondent exists and by which it is governed.

If respondent were organized as a drainage district, a more equitable method of assessing the cost of the drainage system could be adopted, to wit, assessing the wet lands according to benefit and the dry lands according to contribution. The section of the drainage law authorizing assessment for contribution, C. S., sec. 4506, was not in existence when respondent was organized and the contract made. Moreover respondent has never been organized as a drainage district, but is purely an irrigation district. The irrigation district law contains no provision for assessing land on the ground of contribution. The authority to create the two sorts of districts is granted by entirely different and separate statutes, and the proceedings for the creation of the two are separate and different in many particulars. This court has no authority to make a drainage district out of an irrigation district by mere judicial fiat. If the land comprised within respondent irrigation district could be, and should be, now organized into a drainage district by complying with the drainage statute, the drainage project already constructed could be taken over under C. S., sec. 4538, and assessments made for contribution as well as for benefits. As to whether that can be done at this stage of the proceedings we express no opinion, as the matter is not squarely before us and has not been presented by counsel.

That portion of the judgment which relates to the assessment of appellant Haga's land for irrigation purposes is ordered modified in accordance with the views herein expressed. That portion of the judgment which relates to the assessment of the lands for drainage purposes is reversed. If it is desired to again assess the land within the district for drainage purposes under the present organization, it is or-

dered that further proceedings be had in accordance with the views expressed in this opinion. No costs are awarded on this appeal.

Budge, C. J., and Wm. E. Lee, J., concur.

(March 6, 1924.)

ON REHEARING.

McCARTHY, C. J.—On the original hearing respondents justified the flat assessment for drainage purposes on the theory that the expense of drainage was part of the maintenance or operating cost. This theory we could not approve. On rehearing respondents took the position that the assessments for drainage were based upon the benefits accruing to the lands from irrigation. In other words, if a tract of land derives a certain benefit from the water furnished by the district for its irrigation, it derives the same benefit from the drainage project built by the district for the drainage of the wet lands. It is apparent, as we said in the original opinion, that the assessments are not based on the benefits derived from drainage. With this new theory of respondents we are not in accord. When the statute provides that land within an improvement district may be assessed for the cost of the improvement in accordance with benefits derived, it means benefits derived from the improvement. Where the assessment is for the drainage project it must be based on benefits derived from it, and not on benefits derived from irrigation.

We are not called upon in this case to decide just what may be considered in determining whether or not land benefits from the construction of a drainage project, and we do not pretend to do so. We have simply laid down the general rule that an assessment for a drainage project based upon benefits must, like an assessment for any other public improvement, be based upon benefits, immediately accruing or which will clearly accrue, from the construction of the work.

In the light of the argument on rehearing we think it well to clarify two statements made in the original opinion. In the sixth paragraph of the syllabus we said: "An assessment based on a flat rate per acre can be made only for maintenance, and operating expense, and not for the construction of either the irrigation or the drainage system," and a similar statement is found in the body of the opinion. By this we did not mean that benefits could be entirely ignored in assessing for maintenance in violation of C. S., sec. 4384. We meant that almost invariably the benefits derived from the maintenance of the project are substantially equal and therefore a flat assessment per acre is justifiable. (*Colburn v. Wilson,* 24 Ida. 94, 132 Pac. 579.) So also if the benefits derived by different tracts from the construction of irrigation or drainage works are equal, the assessment may be the same. We also said in the original opinion that the benefits contemplated by the statute are actual benefits, resulting in an increase in the value of the land. This is perhaps too broad a statement. As a general rule, the benefit contemplated by the statute does result in an increase in the value of the land. There may be some cases where there is an actual benefit though it is not possible to prove an actual increase in value. It is sufficient if an actual benefit accrues.

With these matters clarified, we adhere to the original opinion.

Budge, William A. Lee and Wm. E. Lee, JJ., concur.