## EIKLAND et al. v. CASEY et al.

(Circuit Court of Appeals, Ninth Circuit.   July 16, 1923.   Rehearing Denied August 20, 1923.)

No. 3974.

1. **Waters and water courses ⊙═179(6)—Evidence held not to show, as matter of law, flooding was due to act of God.**

Evidence which does not prove that the flooding of plaintiff's land was so far due to natural causes, directly and exclusively without human intervention, that it could not have been prevented by any amount of foresight and care reasonably to have been expected of the defendants, is insufficient, as a matter of law, to show that the flooding was due to an act of God.

2. **Waters and water courses ⊙═179(6)—Finding flood was not act of God held not to establish liability.**

In an action for the flooding of plaintiff's lands after the breaking of a dam and abutments erected by defendants, a finding that the flood was not an act of God does not compel the conclusion that defendants were liable for the damages caused by the flood, since there still remained the question whether the flooding which caused the damage was attributable to the negligence of the defendants.

3. **Waters and water courses ⊙═172—Owner can deflect stream and build bulkhead, if not negligent.**

Defendants had a right to deflect the stream and to construct a flume or cribbing, if they were not negligent in so doing, so that it was not error to refuse to charge that plaintiffs could recover for a flooding of their lands, if it were found that the damage would not have resulted, if defendants had not built the bulkhead and cribbed the channel.

4. **Waters and water courses ⊙═172—Party constructing dam must use care commensurate with undertaking.**

One attempting to dam or store water or to divert a stream is not an insurer, but he must use care commensurate with his undertaking, and must make the structures sufficiently strong to resist the waters which he ought reasonably to anticipate, and must use reasonable care to maintain them of sufficient strength for that purpose.

5. **Waters and water courses ⊙═179(2)—Liability for damage by flooding not assumed without proof of negligence.**

Liability for damage to another's land by flooding is not to be assumed, without proof of some fault or negligence on the part of defendants.

6. **Appeal and error ⊙═1099(3)—General expressions on former appeal held not law of the case on different evidence.**

A general expression in the opinion on a former appeal that the diversion of a stream in such a way that it was not as safe as before was negligence was not the law of the case on a subsequent appeal, where that question was not involved in the decision on the former appeal, and the evidence as to negligence at the second trial differed from that at the first trial.

7. **Trial ⊙═296(3)—Instruction erroneously submitting an issue held not reversible error, in view of other instruction.**

In an action by plaintiffs for the flooding of their lands, an erroneous instruction submitting issue whether the flood was an act of God, which there was no evidence to sustain, was not prejudicial to plaintiffs, where the jury were elsewhere instructed that, if it were found that the construction of the bulkhead or flume by defendants caused the damages, and such result could not have been reasonably anticipated or foreseen, verdict should have been for the defendants, but that, if the dam-

age could have been reasonably anticipated as resulting from the construction of the bulkhead or flume, the verdict should be for plaintiffs.

In Error to the District Court of the United States for the District of Alaska, Division No. 1; Thos. M. Reed, Judge.

Action at law by A. Eikland and another against W. W. Casey and others, to recover damages for the flooding of plaintiff's land. Judgment for defendants, and plaintiffs bring error. Affirmed.

This is an action for damages caused by the flooding of property owned by plaintiffs in error. Upon the first trial defendants prevailed. but upon review this court reversed the judgment and directed a new trial. Eikland v. Casey, 266 Fed. 821, 12 A. L. R. 179. After remand plaintiffs, by amended complaint, alleged that plaintiffs' lot was a short distance below where Gold creek emerges from a canyon; that from the canyon to a point below plaintiffs' lot the creek was confined by banks sufficiently high to contain the stream at all stages of the water; that below plaintiffs' lot at high water the stream overflowed the banks and allowed free outlet to the water; that, after plaintiffs built, defendants built a dam or bulkhead across the creek at a point about opposite the plaintiffs' lot, and from said dam and a point opposite and across the stream therefrom built bulkheads, thus changing the course of the stream and deflecting it sharply around two sides of plaintiffs' lot; that the new channel so constructed was wholly insufficient at times of flood or high water or during heavy rains to carry off the water. Defendants are charged with gross negligence in planning and constructing the flume, in that it was laid out at a depth of only 5 feet, with a width of about 30 feet, from its head to a point near its mouth, and that it was narrowed near its mouth, so that the original capacity was greatly lessened; that about September 26, 1918, there occurred one of the "usual periodical heavy rains" in that vicinity, which caused the waters to rise; that the waters were forced through the artificial channel, and, being laden with débris, caused the flume to become choked, so that much of the water could not escape through the channel; that by reason of the choking, and the weak construction of the walls of the flume, part of the walls gave way, and the full force of the current was deflected and carried away part of the easterly wall and destroyed plaintiffs' house.

The answer denied negligence, or that a dam or bulkhead was built across the stream, or that the course of the stream was deflected, but admitted that defendants built bulkheads upon the banks of the stream. and alleged that the channel was of sufficient capacity, and that the bulkheads were so constructed as to carry off the waters of the stream at all times. Defendants admitted that a flood occurred. due to heavy and unusual rains, and that the flood damaged the property of the plaintiffs, and alleged that the flood was unusual and could not have been foreseen, and that the damage was due "solely to an act of God," as described in the answer. Verdict and judgment were for defendants, and plaintiffs sued out writ of error.

J. H. Cobb, of Santa Barbara, Cal., for plaintiffs in error.

H. L. Faulkner, of Juneau, Alaska (Robert W. Jennings, of San Francisco, Cal., of counsel), for defendants in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). [1] There was more testimony at the second trial than there was at the first upon the extent of the rainfall which caused the rise of the creek. Nevertheless, considering all of the testimony, we are of the opinion that it fell far short of proving that the flooding was so far due to natural causes, directly and exclusively without human intervention,

290 F.—56

that it could not have been prevented by any amount of foresight and care reasonably to have been expected of the defendants. Eikland v. Casey (C. C. A.) 266 Fed. 821, 12 A. L. R. 179. The court, therefore, should have decided as a matter of law that the flooding was not due to an act of God, and the case should not have been complicated by that issue.

[2] But the elimination of that question does not compel the conclusion, contended for by plaintiffs, that defendants were liable for the damages caused by the flooding, for there remained the question whether the flooding which caused the damage was attributable to the negligence of the defendants. Nelson v. Casey (C. C. A.) 279 Fed. 100. Determination of the negligence issue necessarily involved consideration of the evidence bearing upon the construction of the bulkhead and the strain put upon the cribbing built by the defendants. Should the defendants have guarded against the unusual condition which existed as a result of the heavy rainstorm? Or, put in another way, ought the defendants reasonably to have anticipated that harmful consequences would flow from their acts in the construction of the cribbing or the flume, or the deflection of the course of the stream? The evidence bearing upon these matters was properly for the jury. There was therefore no error in refusing plaintiffs' request for an instruction to find a verdict in their favor.

[3] Nor did the court err in refusing to charge that, if it were found that if defendants had not built the bulkhead and cribbed the channel, and the stream had been left in its natural state, the high water would not have damaged plaintiffs' property, plaintiffs should recover. Defendants had a right to deflect the stream, and to construct a flume or cribbing, provided, always, they were not negligent in doing any of these acts. As defendants' evidence tended to show that the channel was not changed by them, and that there was no lessening of the capacity thereof, the question of negligence stood for answer by the jury.

Other requests by plaintiffs for instructions, which were based upon an assumed doctrine that liability necessarily followed the obstruction of the channel by logs damming the current thereof, and the washing away of the bank, were properly refused. The court was right in refusing to hold, as a matter of law, that the obstruction of the channel and damming of the creek constituted negligence.

[4] The doctrine sustained by the great weight of American authority is that one attempting to dam or store water, or to divert a stream, while not an insurer, must use care commensurate with his undertaking. If he constructs bulkheads or dams, his duty is to make them of sufficient strength to resist the waters which he ought reasonably to anticipate are likely to come down the creek, and he must use reasonable care in maintaining such works of sufficient strength to resist such water. Nelson v. Casey, supra.

[5] Liability for damage is not to be assumed without proof of some fault or negligence on the part of the defendants. Losee v. Buchanan, 51 N. Y. 476, 10 Am. Rep. 623; Farnum on Waters and Water Rights, § 982; Louisville R. Co. v. Conn, 166 Ky. 327, 179 S. W. 195;

Lyon v. Chicago R. Co., 45 Mont. 33, 121 Pac. 886; Price v. Oregon R. Co., 47 Or. 350, 83 Pac. 843; Dahlgren v. Chicago R. Co., 85 Wash. 395, 148 Pac. 567; Central Trust Co. v. Wabash R. Co. (C. C.) 57 Fed. 441.

[6] And here we say that we have considered plaintiffs' argument that the law of the case, as decided in Eikland v. Casey, supra, was that no question of negligence is involved, unless, as plaintiffs put it, "the diversion itself, in such way that the stream was not as safe as before, is negligence." But what in fact was decided upon the former writ was that the instructions "upon the question of an ordinary flood" were not "sufficient under the testimony of the case," and that a new trial should be had. After remand the issues raised by the pleadings were amplified by clearly presenting an issue of negligence, especially in the construction of the cribbing, and upon the second trial both sides introduced testimony other than that elicited at the first hearing, and the court gave somewhat different instructions upon what would constitute an extraordinary flood. Under such circumstances, our judgment ought not to be controlled by general expressions in the former opinion, where it was assumed that certain facts were established, upon the very point now presented for decision.

[7] Plaintiffs' exceptions to certain instructions given were based upon the submission of the question whether the damage complained of was caused solely by an act of God, in no way contributed to by the act of the defendants in the construction of the flume. As already shown, it was error to inject the question of an act of God into the instructions; but in no way could such error have prejudiced the plaintiffs. Surely plaintiffs cannot complain if the verdict was reached upon the ground that the damages were caused by inevitable accident, as the result of vis major or act of God, against which one cannot reasonably be expected to guard, provided the correct rule applicable was stated, as it was in substance: That if it were found that the construction of the bulkhead or flume contributed to or caused the damage complained of, and such result could not have been reasonably anticipated or foreseen, verdict should be for the defendants; but that, if the damage could have been reasonably anticipated as resulting from the construction of the bulkhead or flume, defendants would be liable. The jury were also charged to find whether the flood was of such an extraordinary nature that its coming was not foreshadowed by the usual course of nature, and its magnitude could not have been anticipated or provided against by the exercise of ordinary foresight.

The facts having been found against plaintiffs, and there being no prejudicial error of law, the judgment will be sustained.

Affirmed.